Marlow v. The State of Florida—Syllabus.

A. D. MARLOW, PLAINTIFF IN ERROR, v. THE STATE OF
FLORIDA, DEFENDANT IN ERROR.

1. In drawing a special venire ordered in a prosecution for
murder the judge drew from the box the name of a person
who had removed from the State and who was a brother-
in-law of defendant's counsel, and the judge remarked to
defendant's counsel who was present that it was useless
to place the name on the venire, to which such counsel
assented or made no objection. There was no harmful
error in omitting the name from the venire under these
circumstances and a motion to quash the venire therefor
was properly overruled.

2. In a prosecution for murder a talesman on his voir dire tes-
tified that he is not acquainted with the defendant and
did not know the deceased; that he had heard of the
alleged homicide from common rumor and had read an ac-
count of it in a newspaper; that he had formed and ex-
pressed an opinion as to the guilt or inncence of the de-
fendant; that he still had that opinion; that such opinion
is not so fixed in his mind that it would not readily yield
to the sworn evidence; that it would require evidence to
remove the opinion; that if he heard witnesses testify and
they confirmed the newspaper report he thought he would
lean to the belief in the correctness of the report; that if
witnesses contradicted the report from which he formed
the opinion of guilt or innocence of the defendant, and he
was refreshed by hearing witnesses as to the newspaper
report, he does not know if he would find difficulty in be-
lieving the witness; that having read the newspaper re-
port, and having formed and expressed an opinion as to
the guilt or innocence of the defendant he does not think
he is just as impartial as he would be if he had not read
the report and formed and expressed the opinion; that
notwithstanding the report he had heard or read he thinks
his mind is in that condition that his opinion would readily
yield to the sworn testimony in the case. The state of

mind as disclosed by this testimony did not disqualify the talesman as a juror and a challenge on that ground was properly overruled.

3.  Where a witness testifies that he heard a pistol fire twice and that the deceased "staggered forward and when he fell I saw Mr. Marlow go out of the front door bareheaded and leave, and Mr. Brand (the deceased) then said: 'Don't say I wrote the note. I did not do it,'" the statement made by the deceased was under the circumstances of the case a part of the res gestae and was properly admitted in evidence.

4.  It is not error to permit questions to be asked on re-direct examination which call for an explanation of matters brought out on cross-examination.

5.  Where a question is objected to and not answered an assignment of error based thereon will not be considered.

6.  Assignments of error based on rulings of the court excluding questions propounded to a State witness on cross-examination will not be held erroneous when the witness is afterwards introduced by the defendant and testifies fully as to the same matters.

7.  Where conduct is intended to provoke and does provoke a difficulty, the question whether or not the conduct was reasonably calculated to provoke the difficulty is not a practical one in considering the matter of self defense, and a charge that "if a person with malice and hatred in his heart towards another, purposely acts towards such other person as to provoke a difficulty," &c., then the right of self defense is not available, is not erroneous.

8.  Where a charge given is expressly confined to murder in the third degree and there is nothing in the charge which could influence the jury to misinterpret the instructions or to misapply the evidence as to other degrees of homicide and the evidence does not tend to show a case of murder in the third degree, and where the jury finds a verdict of murder in the second degree, it is not material to consider whether the charge was legally accurate as applied to murder in the third degree.

Marlow v. The State of Florida—Syllabus.

9.  A charge that "if you find from the evidence in this case,
    beyond a reasonable doubt, that the defendant A. D. Mar-
    low, with malice and hatred in his heart towards Brand,
    sought an interview with Brand and accused him of
    writing the damaging article about A. D. Marlow, and used
    offensive and opprobious language towards Brand, or did
    any act or thing for the purpose and with intent of pro-
    voking a difficulty with Brand, so as to induce Brand to
    assault him, with the premeditated design that if the said
    Brand did assault him, to shoot and kill the said Brand,
    then Marlow can not avail himself of the plea of self de-
    fense and you will find him guilty as charged," does not
    invade the province of the jury by stating what constituted
    the bringing on of the difficulty and taken in connection
    with other charges given is not reversible error.

10.  Where the jury have been instructed as to who is considered
    an aggressor it is not error to give a charge that "if you
    find from the evidence in this cause that the defendant
    was the aggressor in the personal difficulty that resulted
    in the death of the deceased, and that the killing was un-
    lawful and not justifiable or excusable homicide nor mur-
    der in any degree, then self defense could not avail, and
    the defendant would be guilty of manslaughter."

This case was decided by Division A.

Writ of Error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the
Court.

*R. B. Bullock,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

WHITFIELD, C. J.   The plaintiff in error was indicted for the homicide of J. A. Brand and upon conviction of murder in the second degree took this writ of error. A special venire of forty names were drawn from the box by the judge. The name of Samuel R. Birdsey, Jr., was drawn from the box but it was not placed on the list constituting the special venire. A motion was made by the defendant to quash the venire for this reason. The order of the judge denying this motion states that Samuel R. Birdsey, Jr., who is a brother-in-law of Mr. R. R. Bullock, defendant's counsel, lived in the county until he moved to the State of Georgia about a year or more previous to the trial and has remained there since; that when the name was drawn the fact of the removal was spoken of, and the judge remarked to Mr. R. B. Bullock that it was useless to place the name of S. R. Birdsey, Jr., on the venire, to which Mr. R. B. Bullock assented or made no objection. It was not harmful error to omit the name of Samuel R. Birdsey, Jr., from the special venire under these circumstances.

F. M. Townsend, a member of the regular venire on *voir dire* examination stated that he is not acquainted with the defendant and did not know the deceased; that he had heard of the facts and circumstances of the alleged homicide from common rumor and read an account of it in the Ocala Banner. He was then asked: "Q. From what you heard and read did you form or express any opinion as to the guilt or innocence of the defendant?" Ans. "I did." Q. "Have you that opinion now?" Ans. "I have." Q. "Is that opinion so fixed in your mind that it would not readily yield to the sworn evidence?" Ans. "I think not." Townsend was tendered as a juror and on cross-examination answered questions as follows:   Q.   "Mr.

Townsend, you say that you have read newspaper accounts of this homicide, and that from such newspaper accounts you have formed and expressed an opinion as to the guilt or innocence of the defendant?" A. "I have." Q. "Have you that opinion now?" A. "I have." Q. "Would it require evidence to remove that opinion?" A. "I think it would." Q. "You think then, that if you heard witnesses testify and they confirmed the newspaper report that you would lean to the belief in the correctness of said report?" A. "I think I would." Q. "Now if witnesses contradicted said report from which you formed that opinion of guilt or innocence, and you were refreshed by hearing witnesses as to the newspaper report, do you think you would find difficulty in believing the witness?" A. "I don't know." Q. "Having read that newspaper report, and having formed and expressed an opinion as to the guilt or innocence of the said defendant, do you believe you are now just as impartial as you would be if you had not so read that report, and so formed and expressed that opinion?" A. "I do not think I am." Q. By the court: "Mr. Townsend, notwithstanding that report you have heard or read, is or (is) not your mind in that condition that your opinion would readily yield to the sworn testimony in the case?" A. "I think it would." The defendant challenged Townsend for cause. The challenge was overruled, and an exception was taken. This ruling is assigned as error. The talesman here testified that he is not acquainted with the defendant and did not know the deceased; that he had heard of the alleged homicide from common rumor and had read an account of it in a newspaper; that he had formed and expressed an opinion as to the guilt or innocence of the defendant; that he still had that opinion; that such opinion is not so fixed in

his mind that it would not readily yield to the sworn evidence; that it would require evidence to remove the opinion; that if he heard witnesses testify and they confirmed the newspaper report he thought he would lean to the belief in the correctness of the report; that. if witnesses contradicted the report from which he formed the opinion of guilt or innocence of the defendant, and he was refreshed by hearing witnesses as to the newspaper report, he does not know if he would find difficulty in believing the witness; that having read... the newspaper report, and having formed and expressed an opinion as to the guilt or innocence of the defendant he does not think he is just as impartial as he would be if he had not read the report and formed and expressed the opinion; that notwithstanding the report he had heard or read he thinks his mind is in that condition that his opinion would readily yield to the sworn testimony in the case. The state of Townsend's mind as disclosed on his voir dire examination did not disqualify him as a juror and the challenge on that ground was properly overruled. Brown v. State, 40 Fla. 459, 25 South. Rep. 63; English v. State, 31 Fla. 340, 12 South. Rep. 689.

P. T. Randall, a witness for the State, testified as to a difficulty between the defendant and the deceased stating that he heard a pistol fire twice; that deceased "staggered forward and when he fell I saw Mr. Marlow go out of the front door bareheaded and leave, and Mr. Brand (the deceased) then said: 'don't say I wrote the note, I did not do it.'" The defendant objected to the statement as being made by the deceased in the absence of the defendant and not in his hearing. Under the circumstances of this case the statement of the deceased above quoted was

properly admitted in evidence as a part of the *res gestate*. See Lambright v. State, 34 Fla. 564, 16 South. Rep. 582.

On cross-examination this witness testified that he had sent to the State Attorney the names of witnesses in this case and that he "helped Mr. Johnson (the father-in-law of Brand the deceased) as other citizens" by subscribing to the fund for the assistant attorney to prosecute the defendant. When asked how much did he subscribe and pay towards the fee to secure an attorney to prosecute Mr. Marlow he answered: "I gave Mr. Johnson ten dollars, also assisted by deducting twenty-five dollars from Mrs. Brand's account." On re-direct examination the witness was asked if the ten dollars he contributed towards the employment of assistant counsel to aid in the prosecution of this case was donated by reason of any ill-will, animosity or malice towards the defendant and what was his reason for contributing the amount. The witness answered: "It was not with any ill feeling; as the other neighbors helped Mr. Johnson, I helped him also." The defendant objected to the question before it was answered on the grounds that it was irrelevant and immaterial and that it sought the opinion of the witness; and after the witness answered the defendant moved to strike the portion of the answer, that "as the other neighbors helped Mr. Johnson, I helped him also," because it is not responsive to the question and is an expression of the opinion of the witness. The rulings of the court in permitting the question to be answered and in refusing to strike the portion of the answer as stated above were excepted to and errors are assigned thereon. The question called for an explanation of matters brought out on cross-examination and there was no error in permitting

it to be answered or in refusing the motion to strike a portion of the answer.

An assignment of error is based on a question asked the witness Randall on his. re-direct examination as to whether he and the other neighbors knew of the condition and circumstances of Mrs. Brand. This question was not answered so it is unnecessary to consider it.

The defendant objected to a question asked in the re-direct examination as to the financial condition of Mrs. Brand, the widow of the deceased, and Mr. Johnson, her father, at the time of or immediately after the homicide, on the grounds that it was irrelevant, immaterial, seeks an opinion and leading. The objections were overruled and the defendant excepted. The answer was that they were in very poor circumstances. The ruling of the court was not erroneous on the grounds assigned as the testimony tended to explain the contributions shown in the cross-examination to have been made by the witness to the persons mentioned in the question.

Errors are assigned on rulings of the court sustaining objections of the State Attorney to questions asked a State witness on cross-examination as to the correctness and meaning of a diagram shown to the witness and as to finding a knife under or about the deceased. The questions were objected to as being immaterial and irrelevant and not proper in cross-examination. The diagram had not been put in evidence, and it was not referred to in the direct examination of the witness. The witness was afterwards introduced on behalf of defendant and testified fully in regard to finding the knife. The rulings were not erroneous under these circumstances.

Error is assigned on charge numbered 14, which is as follows: "The question as to who was the aggressor is one

of fact to be determined by the jury from the evidence in the case in the same manner as they determine in other cases of fact. An aggressor is not necessarily a person who may strike the first blow in a personal encounter or make the first demonstration ' indicating an intent to strike, but if a person with malice and hatred in his heart towards another, purposely acts towards such other person as to provoke a difficulty either by acts or words with the intent to induce such other person to strike the first blow or make the first demonstration in order to form a pretext to take his life, then the defendant could not avail himself of the right to self-defense." It is contended that this charge is erroneous because it does not state that the act done or words spoken by the defendant should have been reasonably calculated to produce a difficulty with the deceased. The objection is not well taken. The charge is that "if a person with malice and hatred in his heart towards another, purposely acts towards such other person as to provoke a difficulty," &c., then the right of self-defense is not available. Where conduct is intended to provoke and does provoke a difficulty, the question whether or not the conduct was reasonably calculated to provoke the difficulty is not a practical one is considering the matter of self-defense. Bassett v. State, 44 Fla. 12, 33 South. Rep. 262; Sylvester v. State, 46 Fla. 166, 35 South. Rep. 142.

Error is assigned respecting the 16th instruction given by the court. This instruction was expressly confined to murder in the third degree. The jury rejected entirely the theory of murder in the third degree, which they were fully justified in doing by the testimony, and it is not apparent that the defendant was injured in any way by the charge. There was nothing in it which could influence

the jury to misinterpret the instructions or to misapply the evidence as to the other degrees of homicide, and the evidence does not tend to show a case of murder in the third degree. Under these circumstances, the jury having found the defendant guilty of murder in the second degree, it is not material to consider whether the charge was legally accurate as applied to a finding of murder in the third degree. Richard v. State, 42 Fla. 528, 29 South. Rep. 413. See, also, McCoy v. State, 40 Fla. 494, 24 South. Rep. 485; Thomas v. State, 47 Fla. ... 36 South. Rep. 161.

Charge numbered 16 1-2 assigned as error is as follows: "If you find from the evidence in this case, beyond a reasonable doubt, that the defendant A. D. Marlow, with malice and hatred in his heart towards Brand, sought an interview with Brand and accused him of writing the damaging article about A. D. Marlow, and used offensive and opprobrious language towards Brand, or did any act or thing for the purpose and with intent of provoking a difficulty with Brand, so as to induce Brand to assault him with the premeditated design that if the said Brand did assault him to shoot and kill the said Brand, then Marlow can not avail himself of the plea of self-defense and you will find him guilty as charged." This charge is not amenable to the criticism that it invades the province of the jury by stating what constituted the bringing on of the difficulty. Taken in connection with other charges given it is not reversible error. Bassett v. State, *supra.*

The seventeenth charge of the court is: "If you find from the evidence in this case that the defendant was the aggressor in the personal difficulty that resulted in the death of the deceased, and that the killing was unlawful and not justifiable or excusable homicide nor murder in

any degree, then self-defense could not avail and the defendant would be guilty of manslaughter." It was not necessary as contended that the intention of the aggressor should be referred to in this charge, particularly as a charge on who is considered an aggressor had been given by the court. Bassett v. State, *supra*.

The verdict is fully sustained by the evidence.

The judgment is affirmed.

CARTER and SHACKLEFORD, JJ., concur.

TAYLOR, P. J., and COCKRELL and HOCKER, JJ., concur in the opinion.