W. L. CHANDLER, *Plaintiff in Error*, v. THE STATE OF FLOR-
IDA, *Defendant in Error*.

## Division A.

## Opinion Filed May 16, 1927.

1. The provision of the Fourth Article of the amendments of
the Constitution of the United States and the Twenty-second
Section of the Declaration of Rights of the Constitution of
Florida relates to "unreasonable searches and seizures."

2. When a person is lawfully arrested upon a charge of com-
mitting a crime, evidence discovered upon the premises of the
accused by a search of the premises is not rendered in-
admissible at the trial upon the ground that it violates the
provisions of the two Constitutions upon the subject of un-
reasonable searches and seizures.

3. When a person charged with crime voluntarily exhibits
documents and papers to the arresting officer who takes
possession of them, no ground exists for the exclusion of
such papers from the evidence at the trial of the cause
upon the theory that the provision of the Constitution upon
unreasonable searches and seizures was violated.

4. On the question of identification of an automobile which is
material in a criminal case it is not error to exclude from
the evidence a statement that certain secret numbers placed
on the automobile by the manufacturer were located at a
certain place on the machine.

5. Where a person who has been convicted of larceny is called
as a witness it is not permissible to ask him if he was in
fact guilty of the crime of which he was convicted.

6. Evidence examined and found sufficient to sustain the
charge of receiving stolen property knowing it to have been
stolen.

A Writ of Error to the Criminal Court of Record for Duval County; James M. Peeler, Judge.

Judgment affirmed.

*Wm. A. Hallowes, Jr.,* and *Miles W. Lewis,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

ELLIS, C. J.—The plaintiff in error and W. L. Dent were jointly informed against in the Criminal Court of Record for Duval County upon the charge of receiving stolen property knowing it to have been stolen. The particular offense was the receiving of an automobile which was stolen from Arthur Hall, knowing that it was stolen.

There was a trial upon the plea of not guilty. Dent was acquitted and Chandler was convicted. He seeks to reverse the judgment on writ of error.

All the assignments of error relate to objections made and overruled or sustained as to the admissibility of evidence and the sufficiency of the evidence to support the verdict.

The State's theory of the case was that the defendants, Chandler and Dent, who were the proprietors of a certain garage in Duval County known as the King's Road Garage, were engaged in the practice of buying stolen automobiles and reselling them in connection with their ostensible business of operating a garage; that they carried on in part their illicit traffic in stolen vehicles through the agency of a person named James A. Shelby in so far as procuring the automobiles was necessary to their activities; that Arthur Hall, who was the owner of a certain automobile known as a Ford Roadster, suffered the loss of his automobile by

theft in Lake City on July 12, 1926, and that through the
channels of Shelby's devious activities it ultimately reached
the Kings Road Garage and the possession of the defendants
where it was retaken by the officers of Duval County and
identified by the owner.  The engine number of the vehicle
had been obliterated or changed and other attempts to dis-
guise it were evident, among which were spurious bills of
sale and a certificate of title procured through deception
from the State Comptroller.

An examination of the evidence in the case, as exhibited
by the bill of exceptions, shows that the State's theory as
to the charge contained in the information was fully sus-
tained as to the plaintiff in error and that the verdict was
amply supported by the evidence.

The plaintiff in error, however, contends that the so-called
bills of sale and certificate of title which the State offered
in evidence should not have been admitted because he says
they consisted of documents and papers which ''were taken
from the defendant in violation of the constitutional right
of the defendant to be secure in his person, papers and
effects from unlawful seizures.''

The guaranty of the Fourth Article of the Constitution
of the United States is against ''Unreasonable Searches and
Seizures.''  The Twenty-second Section of the Declaration
of Rights of the Constitution of Florida is in almost the
same phraseology as that of Article IV, Constitution of the
United States.  See Carroll v. United States, 267 U. S. 132,
45 Sup. Ct. Rep. 280.

The facts in the case were as follows:  The police officer,
C. M. Quattlebaum, in company with E. L. Acosta, another
officer, went to the Kings Road Garage and arrested there
two ''automobile thieves.''  Later he arrested the defendant
and Dent and recovered ''five cars at the garage at the time
of the arrest.''  Among those recovered was the automobile

belonging to Arthur Hall. The defendant, Chandler, told Quattlebaum that he bought the automobile, and going to the office showed to Quattlebaum the ''bill of sale and title certificate.'' These the officer, without objection from Chandler, took into his possession and they were offered and received in evidence. So there was no unlawful taking of the documents nor was possession of them acquired by any unlawful search or seizure.

If the arrest was lawful, and there is no contention that it was not, the evidence found on the place tending to establish the commission of the crime may be lawfully seized. See Haile v. Gardner, 82 Fla. 355, 91 South. Rep. 376.

Even if the evidence had been obtained by a search of the premises that fact would not serve to exclude it in a criminal case. See State v. Flynn, 36 N. H. 64; Jordan v. Lewis, 14 East's Reports 305; Legatt v. Tollervy, 14 East's Reports 302; Chastang v. State, 83 Ala. 29, 3 South. Rep. 304; State v. Griswold, 67 Conn. 290, 34 Atl. Rep. 1046, 33 L. R. A. 227; Commonwealth v. Smith, 166 Mass. 370, 44 N. E. Rep. 503; Commonwealth v. Ryan, 157 Mass. 403, 32 N. E. Rep. 349; State v. Pomeroy, 130 Mo. 489, 32 S. W. Rep. 1002; State v. Atkinson, 40 S. C. 363, 18 S. E. Rep. 1021, 42 Am. St. Rep. 877; State v. Baker, 33 W. Va., 319, 10 S. E. Rep. 639.

In the instant case there was no suggestion of an unlawful search. The papers were voluntarily produced by the defendant, shown to the officer, and were retained by him without objection. Moreover, on the cross-examination of the State's witnesses and upon the direct examination of the defendant's witnesses the documents were referred to by defendant's counsel and the witnesses questioned in relation thereto. See Marlow v. State, 49 Fla. 7, 38 South. Rep. 653; Danford v. State, 53 Fla. 4, 43 South. Rep. 593.

The second, third and fourth assignments of error are not sustained.

The witness Quattlebaum was asked on cross-examination about certain "secret numbers" placed on "Ford automobiles" for purposes of identification. The witness had spoken of the automobiles owned by Hall and the "secret numbers" on it. He was asked where they were. That is, on what part of the automobile they were located. Objection to the question was sustained and the ruling is assigned as the first error.

The question was a valid cross-question. There could have been no impropriety in permitting the question to be answered nor was there any in disallowing it. The issue was the ownership of the automobile. The identification of an automobile does not depend upon secret numbers placed upon it by the manufacturer on an issue of private ownership.

An automobile that has been in use a very short time accumulates such peculiar and essentially personal marks as to facilitate its identification by the person who is accustomed to using it with the same accuracy that he may identify any of his intimate personal belongings to which he attaches any special value.

The action of the court in disallowing the question may have curtailed the legitimate cross-examination of the witness, but the effect of such ruling could not have resulted in any material harm to the defendant. See Section 2812, Revised General Statutes; Tischler v. Apple, 30 Fla. 132, 11 South. Rep. 273; Wallace v. State, 41 Fla. 547, 26 South. Rep. 713; Kersey v. State, 73 Fla. 832, 74 South. Rep. 983.

The first assignment of error is not well taken.

James Shelby had been convicted on a plea of guilty of the larceny of Hall's automobile which was found in the possession of the defendant. He was called as a witness for

the State in the prosecution of Chandler and Dent. He told of his connections with Chandler in the illicit business of stealing and disposing of automobiles and how he procured from the State Comptroller through fraud and misrepresentation certificates of ownership in his name and in the names of others. Upon cross-examination he was asked why if he did not steal the "car" did he plead guilty to the charge of stealing it. Objection to the question was made by the State and overruled. The attorneys desired to argue the point and the Court, without objection from the defendant, caused the jury to retire from the court room while this phase of the case was discussed by counsel.

The correctness of such practice is not under consideration in this case, not only because the point is not made but also because it is not apparent that the defendant was materially injured in his defense by it. Upon the conclusion of the discussion, which is preserved in the bill of exceptions, the jury was recalled and defendant's counsel proceeded with the examination of the witness along the line indicated by counsel's question, to which objection by the State was overruled and exception to the ruling was made by the *State*. According to the assignments of error that transaction is made the basis of the fifth assignment.

There is another place in the bill of exceptions where a question was asked and objection by the State sustained which with a little more consistency might have been treated as the basis for the assignment. After cross-questioning the witness fully as to whether he stole the automobile and receiving answers to the effect that he did not actually take it but that he was implicated in it, the witness was asked: "I want to know if the indictments were read to you. I want to know if you are guilty?" Objection to the question was sustained and *defendant* by his counsel excepted.

There is no merit in the exception. He was bound by the

judgment against him and will not be permitted to question it.

The sixth assignment of error is without merit. It rests upon the same proposition as is made the basis of the first assignment although the "secret numbers" inquired about in the question were on another and different automobile found in the same place and at the same time.

The seventh, eighth, ninth and tenth assignments of error attack the sufficiency of the evidence to sustain the verdict. As stated in the beginning of this opinion the verdict was fully sustained by the evidence. The record fails to disclose any error which could be said to have in any material matter affected the defendant's rights.

So the judgment is affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.