## UNITED STATES v. SMITH.

District Court, D. Rhode Island. February 10, 1928.

**1. Intoxicating liquors ⚌255—Review of search and seizure and passing on motion for return of materials for making liquor held warranted by evidence of possession presumably lawful under statute (National Prohibition Act, tit. 2, § 33 [27 USCA § 50]).**

Evidence of possession *held* sufficient, on motion to controvert probable cause and for return of property seized, to justify court in reviewing propriety of search and seizure, and to pass on part of motion asking for return of malt and other property seized, in view of fact that requirement of National Prohibition Act, tit. 2, § 33 (27 USCA § 50), imposing burden of proving possession on possessor of liquor, authorizes presumption that possessor of other property retains benefit of presumption of rightful possession.

**2. Intoxicating liquors ⚌249—Search and seizure under warrant generally describing property to be seized held invalid.**

Search and seizure pursuant to warrant describing property as certain property designed and intended for unlawful manufacture of intoxicating liquors *held* invalid, because of insufficient description of specific classes of property authorized to be seized, imposing on agent duty and discretion of determining what articles of property on premises were intended for unlawful manufacture of liquor.

**3. Intoxicating liquors ⚌249—Commissioner, in issuing warrant for seizure of property intended for manufacture of liquor, should describe classes of property to be seized.**

Commissioner, in issuing search warrant for seizure of property designed and intended for unlawful manufacture of liquor, should add description of classes of property to be seized sufficiently definite, so that agent in executing warrant could be charged with no further duty than that of identifying and recognizing articles answering description.

Prosecution by the United States against George Patrick Smith. On defendant's motion to controvert probable cause and for return of property. Motion granted.

John S. Murdock, U. S. Atty., of Providence, R. I.

Daniel T. Hagan, of Providence, R. I., for defendant.

LETTS, District Judge. There is presented to this court, before the trial upon the criminal information, a motion to controvert probable cause and for the return of property as follows:

"Motion to Controvert Probable Cause and Return Property.

"Now comes George Patrick Smith, of the city and county of Providence and state of Rhode Island, defendant in the above-entitled cause, and moves:

"(1) That he be permitted to controvert the facts set forth in the affidavit upon which probable cause for the issuance of the search warrant was set forth.

"(2) That said search warrant be quashed and all evidence obtained thereunder be suppressed.

"(3) That the property unlawfully seized by the federal prohibition agents be returned to him at the place from whence taken.

"(4) That such of said property seized as did not pertain to any violation of law be forthwith returned to him at the place from whence taken."

The defendant, George Patrick Smith, conducted the Modern Pure Food Company, Inc., at 35 Weybosset street, Providence, R. I. On or about the 15th day of October, 1927, Fred L. Allen, federal prohibition agent, made affidavit for the purpose of procuring a search warrant, and in said affidavit deposed that he made a personal visit to the premises at 35 Weybosset street when he "purchased a three pound can of ingredient called 'Teddy Malt Hop,' and a pound of corn sugar, and he also received verbal instructions from the salesman how to make beer of 5 per cent. alcoholic content."

Upon this affidavit a search warrant was issued, the second clause of which reads as follows:

"Whereas, complaint on oath and in writing, supported by affidavit, has this day been made before me, Archibald C. Matteson, a United States commissioner for the district of Rhode Island, by Fred L. Allen, federal prohibition agent, alleging that the laws of the United States, namely, the National Prohibition Act, have been and are being violated by the unlawful possession of certain intoxicating liquor containing one-half of one per centum or more of alcohol by volume which are fit for use for beverage purposes, the containers thereof, and certain property *designed and intended for the unlawful manufacture of intoxicating liquor.* * * *"

The order directing the executing officer as to what property should be seized is as follows:

"Now, therefore, you or either of you are hereby commanded, in the name of the Presi-

dent of the United States, in the daytime only, forthwith to enter said premises, namely, store, with sign 'Modern Pure Food Co., Inc.,' numbered 35 Weybosset St., in the city of Providence, in the state of Rhode Island, with the necessary and proper assistance, and then and there diligently to search *for said liquor, containers, and property,* and if the same or any part thereof shall be found on said premises, then you are hereby authorized and commanded to seize and secure the same subject to such disposition as the court may make thereof and to make a return of your doings to the undersigned within ten days after the date hereof, and to do and report concerning the same as the law directs."

The search warrant itself and the sworn return of Frank R. Stream, federal prohibition agent, thereon, is, by a stipulation between counsel, made a part of the record. It appears from this return that the warrant was executed on the 15th day of October, 1927, and that certain property enumerated thereon was seized while in the possession of the defendant, George Patrick Smith.

It is contended by the government that the defendant Smith has no standing in court to justify the consideration of the motion filed, because the motion embodies no claim upon his part to an interest in the property seized. It is asserted that the defendant must first, by a verified petition, allege an interest in the property seized, before he has a standing to question the propriety of the seizure or to ask for the return of the property taken. The government relies upon Lewis v. United States (C. C. A.) 6 F.(2d) 222, Gallagher v. United States (C. C. A.) 6 F.(2d) 758, and United States v. Mandel (D. C.) 17 F.(2d) 270.

[1] It is not believed that the authorities cited are applicable to the present case. The sworn return of the agent making the seizure, which is a part of the record, states that the property seized was taken from the possession of the defendant. An examination of the return upon the warrant also discloses that there was no liquor seized. The entire warrant obviously relates to a class of property in respect to which the evidence of possession, without additional proof, is sufficient to justify this court in reviewing both the propriety of the search and seizure and to pass upon that part of the motion which asks for a return of the property seized.

Section 33 of title 2 of the National Prohibition Act (27 USCA § 50) imposes upon the possessor of liquor the burden of proving that the same was lawfully acquired, possessed, and used. The omission in respect to that presumption or burden of other species of property within the purview of the National Prohibition Act would seem to warrant the conclusion that it was the intention of Congress to preserve to the possessor of such property, other than liquor, the benefit of the presumption of rightful possession. In view of that fact, the evidence before the court that property was taken from the defendant is proof of a sufficient interest in the property to justify the consideration of the present motion.

We now pass to a consideration of the validity of the search and seizure pursuant to the warrant in question. The warrant purports to direct the officer to diligently search for "said liquor," of which there was none, nor any evidence of the existence of liquor appearing in the affidavit upon which the warrant was obtained. The warrant further directs the diligent search for "containers and property." The containers must be assumed to be the containers mentioned in the second or recital paragraph therein referred to as "the containers thereof," relating to the containers of the nonexisting intoxicating liquor. The property to be searched for must be assumed to be the property described in the same preamble clause, therein described as "certain property designed and intended for the unlawful manufacture of intoxicating liquor." The face of the warrant discloses that the premises to be searched are "store with sign 'Modern Pure Food Co., Inc.'"

[2] It must be assumed from the face of the warrant that a description of the specific classes of property authorized to be seized was readily obtainable and could have been included in the face of the warrant without difficulty. Instead, a general description is relied upon, which description imposes upon the agent the duty and discretion, not only of determining at the time of the seizure what articles of property upon the premises are designed, but also are *intended,* for the unlawful manufacture of intoxicating liquor. The determination of that intent is not a function to be so broadly delegated to the agent executing the warrant.

[3] In respect to property which is not presumably "outlawed" in character, the commissioner in issuing the warrant should have added a description of the classes of property to be seized sufficiently definite so that the agent in executing the warrant would have been charged with no further duty than that of identifying and recognizing the articles upon the premises answering the description of the classifications given. He should not be charged with or permitted the exercise of

that degree of discretion involved in determining, after entry to the premises, what property there located is both designed and intended by the possessor for the unlawful manufacture of intoxicating liquor. That determination, particularly the latter, is one to be made by the official issuing the warrant.

If a situation be presented where there are special difficulties involved in thus sufficiently describing the property to be seized, those difficulties would be proper to consider in determining the sufficiency of the description given. In the instant case it cannot be assumed that any such difficulties existed. These considerations are in harmony with both the language and the spirit of the constitutional guaranty against unreasonable search and seizure.

There has been some difficulty in analyzing and harmonizing the authorities dealing with this question. Much of the apparent confusion appears to arise from the fact that in many of the cases heretofore considered the property taken under the search warrant has been of a mixed character; that is, partly liquor, the identification of which under a general description is easy, and partly property designed and intended for the unlawful use. In many of these cases the major emphasis in their consideration seems to have been devoted to the status of the seizure as it related to the liquor. For example, in the case of Steele v. United States, 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757, a warrant commanding the seizure of "cases of whisky," was held sufficient to authorize the seizure, not only of whisky in kegs, jugs, barrels, and bottles, as well as gin and alcohol, but also a corking machine. No consideration appears to have been given under that warrant to the question of whether the seizure of the corking machine presented a different question than that involved in the seizure of the various liquors taken. In a still later case, that of Marron v. United States, 48 S. Ct. 74, 72 L. Ed. —, the court said:

"The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."

It is believed that the warrant in question, in view of the facts and circumstances of the case, does not comply with the requirements of the law as stated in the Marron Case.

The motion of the defendant that the search warrant be quashed, and all evidence obtained thereunder be suppressed, and that the property seized be returned to him, is granted. The appropriate order to effectuate such return may be presented for entry.