W. F. MORRIS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion filed October 10, 1929.

*Edgar C. Thompson* and *Quincey & Rice,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

PER CURIAM.—Writ of error was taken to a judgment of conviction rendered upon a verdict of ''guilty of assault with intent to commit manslaughter.'' The evidence is legally sufficient to sustain the verdict. The sentence is two years' imprisonment in the State penitentiary. See Sections 7141, 7165, Comp. Gen. Laws 1927. The information charges an assault ''with a premeditated design and intent * * * unlawfully to kill and murder,'' and the evidence relates to an assault with intent to commit a homicide and not to an intent to commit any other felony, therefore the charges properly were upon the law as to assault with intent to commit murder or manslaughter, and not with intent to commit any other felony. Aggravated assault was not charged and the evidence showed a wounding as well as facts essential to the verdict found, therefore it was not reversible error to fail to charge on aggravated assault. Where the verdict is for a lesser offense it is not necessary to consider alleged errors in charges relating to a higher offense when the charges complained of could not have contributed to the conviction. Thomas v. State, 47 Fla. 99, 36 So. R. 161. Likewise where the charge complained of related to a lesser offense than that found in the verdict. Marlow v. State, 49 Fla. 7, 38 So. R. 653.

The following charge was given by the court:

''As I have stated, gentlemen, the gist of the offenses that I have just explained to you is the intent of the accused at the time of the alleged assault. You should always keep that in mind in your deliberations when you retire. However, the mere fact that death did not ensue, of the mere statement of the defendant that he did not intend to kill the prosecuting witness, would not justify the jury in themselves alone, in finding that the defendant did not intend to kill the prosecuting witness. A man is presumed in law

to intend the probable and natural consequences of his own unlawful act; the intent must be shown beyond a reasonable doubt, but direct and positive testimony is not neccessary to prove the intent—it may be inferred from the facts and circumstances shown by all the evidence.''

While under the statute the court should charge upon the law of the case only, Sections 4363, 8397, Comp. Gen Laws 1927, the portion of the above charge relating to the effect of items of evidence, if erroneous, could not reasonably have injured the defendant in view of the evidence and of other charges given by the court.

No material or prejudicial error is made to appear.

Affirmed.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.