UNITED STATES v. QUANTITY OF EX-
TRACTS, BOTTLES, ETC.

No. 60.

District Court, S. D. Florida.

Dec. 30, 1931.

W. P. Hughes, Dist. Atty., and Louis S. Joel and W. A. Paisley, Asst. Dist. Attys., all of Jacksonville, Fla., for the United States.

Ion L. Farris, Meinhard H. Myerson, and Francis L. Poor, all of Jacksonville, Fla., for claimants.

STRUM, District Judge.

Pursuant to the command of a search warrant issued by a commissioner, prohibition agents seized a quantity of extracts, bottles, barrels, kegs, oak chips, copper sheathing, copper pipe, solder, acid, etc. Thereafter, a libel was filed seeking the forfeiture thereof pursuant to section 25, title 2, National Prohibition Act (27 USCA § 39), as property designed for the manufacture of intoxicating liquor intended for use in violation of said act.

M. Safer and B. Witten, as intervening claimants, move to quash the search warrant and to dismiss the libel, upon which motions the cause now comes on to be heard.

The affidavit upon which the warrant was issued recites that within named premises "there is located certain property designed for use in the unlawful manufacture of intoxicating liquor, which is being used as a means of committing a misdemeanor, to-wit, a violation of the National Prohibition Act," and that affiant had theretofore purchased in said premises from time to time a certain charred keg, a plain oak keg, one gross of pint bottles, a quantity of caps and corks, one ounce of Rayonette extract, one-half pint of coloring fluid, one box of oak chips, one bottle of ageing fluid, and like property, and that "all of the above articles were sold with the knowledge that they were to be used in the whiskey business. * * *"

The search warrant follows the affidavit in the description of the place and property to be searched for and seized, and was directed to appropriate executing officers.

No argument is necessary to demonstrate the existence of probable cause for the issuance of the warrant. Feitler v. U. S. (C. C. A.) 34 F.(2d) 30, affirmed sub nom. Danovitz v. U. S., 281 U. S. 389, 50 S. Ct. 344, 74 L. Ed. 923; Vinto Products Co. v. Goddard (D. C.) 43 F.(2d) 399.

The motion to quash questions the sufficiency of the description of the things to be searched for and seized. In that respect, the affidavit upon which the warrant was issued, as well as the warrant itself, are fatally defective. Consequently, the warrant must be quashed.

The Fourth Amendment to the Constitution provides that no (search) warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. Similar provisions appear in the Espionage Act tit. 11, § 3 (18 USCA § 613), under which search warrants of this character are issued. 27 USCA § 39. These provisions are to be liberally construed in furtherance of the citizen's privacy. Boyd v. U. S., 116 U. S. 616, 6 S. Ct. 524, 29 L. Ed. 746; Chandler v. State, 93 Fla. 1063, 113 So. 91.

Technical precision of description is not required. It is only necessary that there be reasonable particularity and certainty as to the identity of the property to be searched for and seized, so that the warrant shall not be a mere roving commission. United States v. Gaitan (D. C.) 4 F.(2d) 848; Rose v. U. S. (C. C. A.) 45 F.(2d) 459. "Cases of whiskey" has been held "quite specific enough" as a description for the seizure of cases, kegs, jugs, or bottles, of whisky, gin, or alcohol, and a corking machine. Steele v. U. S., 267 U. S. 498, 45 S. Ct. 414, 69 L. Ed. 757. "Whisky," however, is at least a generic term. Moreover, whisky is prima facie contraband.

When dealing with property which is inherently innocuous, the affidavit and warrant should contain at least a designation by generic terms of the class, or classes, of property to be searched for and seized. The executing officer's sole function is to apply the description to its subject-matter. Performance of that function may frequently involve the exercise of a limited discretion in identifying the property described. A description of such generality, however, as to lodge in the executing officer virtually unlimited discretion as to what property shall be seized, is repugnant both to the Constitution and the Espionage Act, each of which requires that the property to be seized shall be particularly described. The description here in question is "certain property designed for use in the unlawful manufacture of intoxicating liquor, which is being used as a means of committing a misdemeanor, to-wit, a violation of the National Prohibition Act." The command of the warrant is to seize "said property." The articles specifically mentioned in the warrant had been previously purchased and removed. They were not to be searched for.

Their purchase is mentioned in the warrant only as a basis for the existence of probable cause. Considered in the light of the description, the warrant confers upon the executing officer carte blanche to determine what property is "designed for use" and is "being used" in the unlawful manufacture of liquor, upon which question there may be a wide divergence of opinion when property not inherently noxious is involved. In this warrant, the executing officer is not guided by an ascertainable standard of determination, nor even by an antecedent specific description to which the general description is referable and which might be interpreted ejusdem generis, as was the case in United States v. Kaplan (D. C.) 16 F.(2d) 802; Rose v. U. S. (C. C. A.) 45 F.(2d) 459; Vinto Products Co. v. Goddard (D. C.) 43 F.(2d) 399; Quandt Brewing Co. v. U. S. (C. C. A.) 47 F.(2d) 199, in all of which the articles to be seized were, at least, generically described.

The power to determine, without guide or limitation of any character, what property is "designed for use" and is "being used" in the unlawful manufacture of liquor, should not be, for the purpose here in question, so broadly delegated to the executing officer. To do so frustrates both the constitutional and statutory requirements that the property be particularly described. Kirvin v. U. S. (C. C. A.) 5 F.(2d) 282; United States v. Smith (D. C.) 23 F.(2d) 929.

To quash the search warrant, however, is not ipso facto fatal to the libel. The right of forfeiture is not dependent upon the validity of the seizure. As a strict matter of law, a libel for forfeiture will lie, notwithstanding the illegality of the search warrant under which the seizure was made. Quandt Brewing Co. v. U. S., supra. The United States may adopt such seizure and proceed by information of libel with the same effect as if the seizure originally had been lawfully made; such subsequent adoption being retroactive. United States v. One Ford Coupe Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Dodge v. U. S., 272 U. S. 530, 47 S. Ct. 191, 71 L. Ed. 392; Two Certain Ford Coupe Automobiles v. U. S. (C. C. A. 5) 53 F.(2d) 187, decided October 30, 1931; The Ng Ka Py Cases (C. C. A.) 24 F.(2d) 772; Strong v. U. S. (C. C. A.) 46 F.(2d) 257; United States v. One Studebaker (C. C. A.) 4 F.(2d) 534, approved in United States v. One Ford Coupe Automobile, supra.

Motion to quash search warrant granted.
Motion to dismiss libel denied.