PER CURIAM.
Joseph Anthony Vecchio appeals his convictions of breaking and entering, two counts of grand larceny and burglary.
Vecehio’s sole point on appeal is that the search warrant issued was invalid on its face for failure to particularly describe the property or things to be seized.
*1170 The subject warrant reads in pertinent part:
“ . . . Stolen property is being possessed in violation of State Statute 812.-031, Receiving Stolen Property. The thing specifically sought to be seized is particularly described as a quantity of stolen auto parts.”
This warrant authorizing the police to search Vecchio’s private residence for stolen auto parts was not tantamount to a license to engage in a general exploratory rummage in Vecchio’s belongings which is prohibited. See Andresen v. Maryland, 427 U.S. 463, 479, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627, 642 (1976). We find that describing the generic class of items sought was sufficient. Cf. North v. State, 159 Fla. 854, 32 So.2d 915 (1947); James v. U. S., 416 F.2d 467 (5th Cir. 1969); U.S. v. Wilson, 451 F.2d 209 (5th Cir. 1971).
Affirmed.