HERSEY, Chief Judge.
The trial court suppressed physical evidence (drug paraphernalia) on the basis that the evidence before the magistrate who issued the search warrant did not adequately explain “the method by which the executing agents are to differentiate between the contraband and the rest of the inventory found on the premises [to be] searched.” We disagree and reverse.
The evidence before the magistrate included a comprehensive listing of the specific items to be seized from a record shop, although coupled with generic terms. The trial court took exception, and correctly so, to the fact that the approximate location of the listed items within the structure was contained in an affidavit, but was not contained in the warrant. Clearly, the description within the warrant itself must be sufficiently specific both as to location and description of the evidence to permit no mis-identification by the executing agents. While we agree both with the reasoning and with the authorities relied upon by the trial judge, we are unable to concur in his conclusion that the description in the search warrant did not sufficiently limit the discretion of the executing officers.
The Fourth Amendment provides that no warrant shall issue except upon probable cause and “particularly describing the place to be searched, and the persons or things to be seized”. “The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.” Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927). “Technical precision of description is not required. It is only necessary that there be reasonable particularity and certainty as to the identity of the property to be searched for and seized, so that the warrant shall not be a mere roving commission.” United *898 States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643, 644 (S.D.Fla.1931).
United States v. Drebin, 557 F.2d 1316, 1322 (9th Cir.1977), cert. denied, 436 U.S. 904, 98 S.Ct. 2232, 56 L.Ed.2d 401 (1978). See also United States v. Betancourt, 734 F.2d 750 (11th Cir.1984); United States v. Cook, 657 F.2d 730 (5th Cir.1981). Although some jurisdictions have required that the description in the warrant be as particular as possible given the information available, the Florida Supreme Court has rejected this requirement, finding a warrant to be sufficiently particular if the description serves to substantially limit the discretion of the executing officers. Carlton v. State, 449 So.2d 250 (Fla.1984).
It should be noted that other jurisdictions and Florida courts prior to Carlton have held that under certain circumstances the affidavit may cure a defective warrant. See Bloom v. State, 283 So.2d 134 (Fla. 4th DCA 1973). However, the Carlton court stated that:
[T]he particularity requirement and its constitutionality must be judged by looking only at the information contained within the four corners of the warrant. We do not believe that the drafters of our constitution and this state’s legislators intended that the language of a warrant be scrutinized and compared to the knowledge of the officer seeking the warrant and/or the information contained in the supporting affidavit.
449 So.2d at 251. Thus, the contents of a supporting affidavit may no longer be considered in determining the validity of a warrant.
The trial court correctly pointed qut that in a case such as this where the items to be seized are described generically, two tests must be met:
[FJirst, that the evidence presented to the magistrate must establish that there is reason to believe that a large collection of similar contraband is present on the premises to be searched, and second, that the evidence before the magistrate must explain the method by which the executing agents are to differentiate the contraband from the rest of defendant’s inventory.
United States v. Cortellesso, 601 F.2d 28, 31 (1st Cir.1979), cert. denied, 444 U.S. 1072, 100 S.Ct. 1016, 62 L.Ed.2d 753 (1980). See also United States v. Wuagneux, 683 F.2d 1343 (11th Cir.1982). The Cortellesso court went on to point out that “warrants are to be tested ‘in a common-sense and realistic fashion’_” 601 F.2d at 32.
It is the second test which was of concern to the trial court which found that the warrant contained no means by which the executing officers could distinguish the items to be seized from the rest of the inventory. Specifically, the court found it significant that the warrant did not give the exact location of the items within the store. Under existing case law, however, this is not required and, depending upon the circumstances, the description of the items may itself provide a sufficient means for distinguishing what is to be taken.
In Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927), a frequently cited case in this area of the law, the Supreme Court noted that an officer’s authority to search and seize “extended to all parts of the premises used for the unlawful purpose.” 275 U.S. at 199, 48 S.Ct. at 77 (citations omitted). Thus, the officers could properly have searched the entire store, so long as an adequate means was provided in the warrant for limiting their discretion as to the items to be seized.
A number of cases both in and out of Florida have found descriptions which are significantly less detailed than the list of property contained in the warrant in the instant case to be sufficiently particular. See Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927) (intoxicating liquors and articles for their manufacture); United States v. Betancourt, 734 F.2d 750 (11th Cir.1984) (financial and patient records of a clinic); United States v. Davis, 589 F.2d 904 (5th Cir.) (white string, brown and corrugated paper), cert. denied, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979); United States v. Johnson, 541 F.2d 1311 (8th Cir.1976) (marijuana, parapherna *899 lia, and U.S. currency); North v. State, 159 Fla. 854, 32 So.2d 915 (1947) (gambling implements and devices); State v. Hills, 428 So.2d 715 (Fla. 4th DCA) (U.S. currency on premises), rev. denied, 438 So.2d 833 (Fla.1983); State v. McCrery, 402 So.2d 49 (Fla. 1st DCA 1981) (controlled substances, including cocaine, cannabis, and records and notes), rev. denied, 412 So.2d 467 (Fla.1982), appeal after remand, 429 So.2d 739 (Fla. 1st DCA 1983); Vecchio v. State, 348 So.2d 1169 (Fla. 3d DCA 1977) (stolen auto parts), cert. denied, 358 So.2d 135 (Fla.1978). Cf. United States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643 (S.D.Fla.1931) (“certain property designed for use in the unlawful manufacture of intoxicating liquor” gives too much discretion to officers); Bloom v. State, 283 So.2d 134 (Fla. 4th DCA 1973) (“stolen property” insufficient to identify property to be seized).
Those cases requiring something more than a description of the property to be seized as direction to the officers involve situations where the remaining inventory is of the same character as the items to be seized. See United States v. Hillyard, 677 F.2d 1336 (9th Cir.1982) (stolen motor vehicles to be taken from auto wrecking yard); United States v. Cook, 657 F.2d 730 (5th Cir.1981) (illegally reproduced videotapes to be seized from video cassette dealer); United States v. Drebin, 557 F.2d 1316 (9th Cir.1977) (illegal motion pictures to be taken from motion picture film dealer). But see United States v. Cortellesso, 601 F.2d 28 (1st Cir.1979) (generic description of clothing to be seized from clothing boutique found sufficient where substantial likelihood that items seized would be stolen goods). The instant case does not involve a situation where the items to be seized and remaining inventory are substantially similar since the remaining inventory, consisting primarily of records, tapes, and related equipment, is of a completely different nature than the items of drug paraphernalia listed in the warrant.
Further, some courts have held that a warrant is sufficiently specific where-it limits the items to be seized to “instrumentalities of the specified offense,” United States v. Osborne, 630 F.2d 374, 378 (5th Cir.1980), cert. denied, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 369 (1981), notwithstanding that the property to be seized is itself described in very general terms. See also United States v. Johnson, 690 F.2d 60 (3d Cir.1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 450 (1983). The warrant in the instant case states that the enumerated items are “used as a means to commit the felony offense of Possession with Intent to Deliver Drug Paraphernalia, contrary to Section 893.147(2), Florida Statutes,” thus further limiting the officers’ discretion by reference to a specific crime.
Finally, the search was in fact confined to a limited area and did not involve a “general rummaging” in the store’s inventory.
We therefore conclude, looking at “the nature of the thing to be seized and the particular circumstances of the case,” McCrery, 402 So.2d at 50, that the trial court erred in finding the description of property in the search warrant to be insufficient.
REVERSED.
ANSTEAD and DELL, JJ., concur.