PER CURIAM.
Defendant Jayson Winters appeals the final judgment of conviction, and the trial court’s decision denying his motion to suppress evidence seized pursuant to a search warrant which stated only that the officer was to “search diligently for stolen property”. We reverse.
A description is considered sufficiently particular when it enables the searcher to reasonably ascertain and identify the items authorized to be seized. State v. Showcase Products Inc., 501 So.2d 11, 14 (Fla. 4th DCA 1986) (quoting United States v. Wuagneux, 683 F.2d 1343 (11th Cir.1982), cert. denied, 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). The purpose of the particularity requirement is to bar exploratory searches by placing limits upon the officer’s discretion in executing a search warrant. Carlton v. State, 449 So.2d 250 (Fla.1984). The failure of this warrant to limit the scope of the officer’s search renders it constitutionally infirm.
The trial court apparently relied upon information contained in an attached affidavit to satisfy the constitutional requirement that search warrants state with particularity the property to be seized. In so doing, the trial court committed reversible error. See Carlton, supra; State v. Schrager, 472 So.2d 896 (Fla. 4th DCA1985).
We reverse and remand with instructions to vacate defendant’s conviction.
ANSTEAD, POLEN and FARMER, JJ., concur.