JESSE HARRIS v. STATE.

184 So. 851.
Division A.
Opinion Filed December 1, 1938.

*Martin & Martin,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

BUFORD, J.—Writ of error brings for review a judgment of conviction under an information charging assault with intent to murder in the first degree.

There is one assignment of error, as follows:

"First: That the evidence introduced at the trial of the cause is insufficient under the law to sustain a verdict against the defendant."

The assignment of error has not been argued here or presented by any question in brief. The only question presented by plaintiff in error is:

"Question No. 1. In a trial for assault with intent to murder when the trial court instructed the jury as follows: Quote, 'Gentlemen of the jury, I am sure you have enough intelligence not to infer anything from the remarks of counsel on either side.' Unquote. Is this such a departure from the rules of practice and law as to amount to a flagrant abuse of defendant's constitutional rights, and may such question be raised where no assignment of error has been filed upon same?"

The question is based on the following occurrence during the progress of the trial while the accused was on the stand as a witness and being cross examined by an assistant County Solicitor:

"By MR. SPICOLA:

"Q. You are not what is called a 'Pistol toter', are you?

"Objected to by counsel for the defendant.

"The Court: I don't think that is proper.

"Mr. Martin: I am going to ask the Court to instruct the jury not to pay any attention to the innuendoes of counsel.

"The Court: I sustain the objection. Gentlemen of the jury, I am sure you have enough intelligence not to infer anything from the remarks of counsel on either side."

So the record shows that the court did just what counsel for accused requested be done.

No exception was taken and no reversible error appears in this regard.

We have examined the entire record and find no reversible error. So the judgment must be affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., and BROWN, and CHAPMAN, J. J., concur in the opinion and judgment.