STATE v. JENSEN ROAD & BRIDGE DISTRICT, in St. Lucie and Martin Counties, a Special Taxing District Created, Constituting and Existing Under the Laws of the State of Florida; THE BOARD OF COMMISSIONERS OF JENSEN ROAD & BRIDGE DISTRICT, in Said Counties, and W. B. TILTON, J. H. WHITFIELD and I. L. DECKER, as and Constituting the Board of Commissioners of Jensen Road & Bridge District in Said Counties.

198 So. 105
Division A
Opinion Filed October 15, 1940

*Murray W. Overstreet,* for Appellant;

*Evans Crary,* for Appellees.

PER CURIAM.—This appeal is from a final decree of the Circuit Court of Martin County, validating and confirming refunding bonds of the Jensen Road & Bridge District and the taxes and assessments to be levied in payment thereof.

The district involved was originally created by Chapter 8828, Laws of Florida, Acts of 1921, for the purpose of authorizing the board of said district "to construct and maintain a bridge in said district across the Indian River." The Act empowered the board to levy a tax upon all the real and personal taxable property in the district so created sufficient to pay the interest on bonds issued and to create a sinking fund for the payment of the principal at maturity. Pursuant to the provisions of the Act, $125,000.00 in bonds were issued under date of January 1, 1923. The purpose of bond issue was to construct a bridge, which bonds were submitted to vote of the property owners in the district, and subsequently validated by Chapter 9630, Laws of Florida, Acts of 1923. By Chapter 11120, Laws of Florida, Acts of 1925, the Jensen Road and Bridge District was created, enlarging the boundaries but excluding a portion of the territory embraced within the original Jensen Bridge District. The new district was authorized to issue $100,000.00 in bonds and all contracts and obligations of the old district were made binding upon the new district thus enlarged. The bonds authorized were issued July 1, 1925.

Section 1 of Chapter 11120, Laws of Florida, Acts of 1925, was amended by Chapter 14385, Laws of Florida, Acts of 1929, greatly enlarging the boundaries of the said district. The portion of the original territory was omitted when the district was enlarged by the Act of 1925 was likewise omitted in the Act of 1929.

The bonds issued under authority of Chapter 11120, Laws of Florida, Acts of 1925, were secured by the pledge of an unlimited ad valorem tax upon all property within the district and also by a pledge of the proceeds of certain tolls levied for the use of the bridge.

On June 19, 1940, the Jensen Road & Bridge District filed its petition in the Circuit Court of Martin County pursuant to Section 5106, *et seq.,* C. G. L. 1927, to validate $220,000.00 in refunding bonds to be dated July 1, 1940, for the purpose of refunding and retiring the like amount of legal and valid outstanding bonded indebtedness issued by the district prior to November 6, 1934.

The petition recites that "all property within said District, excepting only such property as was exempt from taxation under the Constitution and laws of Florida were in force and effect at the time of the creation of the outstanding indebtedness, is subject to the levy of an ad valorem tax, without limitation as to rate or amount, for the payment of said outstanding bonds and the interest thereon."

On the date of the filing of the petition, order to show cause why said bonds should not be validated, and notice to citizens and taxpayers of the district were duly given. On July 11, 1940, the state attorney answered the petition, and on final hearing a decree was entered validating and confirming the refunding bonds. From the validating decree so entered, the State appealed.

The appellant presents four questions, only two of which

are argued and need now be considered. McCook v. Caruthers, 87 Fla. 238, 99 So. 559. The first question argued is whether or not it is proper to support district refunding bonds by the pledge of a tax power to be exercised (a) upon property no longer in the district at the time of the issuance of some of the original bonds now being refunded; and (b) upon property which was not in the district at the time of the issuance of the original bonds but which was later, by legislative Act, incorporated into the district, the enlarged district assuming all obligations of the old district.

The final decree validated an issue of refunding bonds in Series A and Series B, aggregating $220,000.00. These refunding bonds were desired to take the place of outstanding bonded indebtedness and accrued interest of the same amount: Series A, $94,000.00 and Series B $126,000.00. Series A bonds, numbered 1 to 94 inclusive, are to be substituted for the outstanding Jensen Bridge District Bonds, dated January 1, 1923, and accrued interest thereon. Series B bonds, numbered 95 to 220 inclusive, are to be substituted for Jensen Road & Bridge District bonds, dated July 1, 1925, and accrued interest thereon, the limits of the district being different in both cases. In the bond itself, we find these provisions:

" * * * And for the payment of this bond, and the interest thereon, as the same become due, the full faith and credit of said Board of Commissioners of Jensen Road and Bridge District are hereby irrevocably pledged to the same extent and with like force and effect as the same were pledged for payment of the indebtedness refunded hereby. * * *

" * * * All rights and remedies which were available by contract for the support and enforcement of the bonded

indebtedness refunded by this bond shall be available for the support and enforcement of this bond."

It thus appears that the right was reserved and pledged by the board to tax any territory liable for the payment of any obligation existing at the time such territory was eliminated from the present district. Any taxpayer now in the district can enforce a levy on any lands liable for the payment of the refunded bonds, the resolution reading that "an ad valorem tax upon all the taxable property within said District (is) hereby irrevocably pledged to the same extent and with like force and effect as the same (was) pledged for payment of the indebtedness refunded by said bonds. * * * "

The appellant's contention that the new territory cannot be made liable without a vote of the qualified freeholders within the district as now established, pursuant to the provisions of Section 6 of Article IX of the Constitution, is without merit. This question was concluded contrary to the contention of the appellant by the decision of this Court in State v. City of Lakeland, 132 Fla. 489, 180 So. 754; State v. City of Clearwater, 125 Fla. 73, 169 So. 602; State v. City of West Palm Beach, 127 Fla. 849, 174 So. 334. See also State v. City of Auburndale, 144 Fla. 210, 197 So. 739.

In the second question it is argued that where tolls from the operation of a bridge to be constructed with the proceeds of bonds are pledged to the payment of such bonds, and thereafter removed by legislative Act, refunding bonds may not be issued without a positive pledge of such tolls, and the mere reservation of such tolls is insufficient. The appellant's contention is that the pledge of the original bonds was two fold—an ad valorem tax and a pledge of the tolls to be collected from the use of the bridge—and without a

positive and continuing pledge of the tolls such refunding bonds will require the collection of more ad valorem taxes than did the original bonds.

In Chapter 11120, Laws of Florida, Acts of 1925, creating the enlarged district, we find in Section 13 that bonds issued under authority of the Act shall "recite that they are issued under the authority of this Act, and shall pledge the full faith and credit of said Board of Commissioners * * *." The question presented here, where bonds pledge the full faith and credit of the district and also other means of payment, has been decided adversely to appellant by this Court in State v. City of Sanford, 128 Fla. 171, 174 So. 339. The primary obligation of the bonds involved is to pay the bond or pay the bond in cash. See Rountree v. State, 102 Fla. 246, 135 So. 888; Klemm v. Davenport, et al., 100 Fla. 627, 129 So. 904, 70 A. L. R. 156.

It, therefore, appears that the decree appealed from is without error and should be affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.