## JAMES B. NORTH, SR., v. STATE OF FLORIDA

32 So. (2nd) 915

December 16, 1947

*C. L. McCoy,* and *E. M. Baynes,* for appellant.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

SEBRING, J.:

James B. North, Sr., was tried and convicted in the Criminal Court of Record of Palm Beach County, under a count of an information charging him with having control and management of a certain room in a certain building in West Palm Beach, Florida, wherein he permitted divers persons to play for money and other things of value, at games of chance commonly known as roulette, craps, slot machines, and other games of chance to the County Solicitor unknown. He has taken an appeal from the judgment and sentence.

The first assignment of error urged on the appeal questions the correctness of an order made by the trial judge denying a motion to quash an affidavit and to suppress evidence secured by means of a search warrant issued thereon, under which roulette wheels, slot machines and other gambling devices and equipment were seized and used at the trial as evidence by the prosecution. It is contended by the appellant that the allegations of the affidavit upon which the search warrant was predicated were made upon information and belief, without any facts being stated upon which such belief was based; that the warrant did not sufficiently describe the place to be searched; and that the warrant did not particularly describe the property or thing to be seized.

As appears from the record the affidavit upon which the search warrant was founded was made by the State Attorney of the Fifteenth Judicial Circuit, of which Palm Beach County is a part. It recited that the State Attorney "believes and has good reason to believe that in a certain building known as the

Dixie Inn, located at 5706 Broadway in the City of West Palm Beach, Palm Beach County, Florida, also described as Lots 11 through 20, inclusive, Block 50, North Palm Beach, addition to the City of West Palm Beach, Florida, gambling is being conducted by a person or persons whose names are to the affiant unknown, contrary to the laws of Florida, and that the said premises are being used for the operation of a gambling room, contrary to the laws of this State; that affiant's reason for this belief is that he has learned from an investigation conducted by him as State Attorney, under the direction of the Grand Jurors of the March Term, that there is in said building at said address numerous slot machines, roulette wheels, and other gambling devices and games of chance such as are commonly used in gambling games, and that your affiant has information from other persons making undercover investigation that unlawful gambling, wagering, betting, and the playing of slot machines are actually being conducted on said premises within said building . . . "

The place to be searched was described in the affidavit made by the State Attorney as "A certain building known as Dixie Inn, located at 5706 Broadway in the City of West Palm Beach, Palm Beach County, Florida, also described as Lots 11 through 20, inclusive, Block 50, North Palm Beach, addition to the City of West Palm Beach, Florida." The same property description appeared in the search warrant which was issued by one of the Circuit Judges of Palm Beach County. This allegation complies sufficiently with our constitution and statutes prohibiting the issuance of search warrants unless the place to be searched is particularly described. See Church et al. v. State, 151 Fla. 24, 9 So. (2nd) 164.

The property to be seized was described in the affidavit made by the State Attorney as "numerous slot machines, roulette wheels, and other gambling devices and games of chance such as are commonly used in gambling games." In the search warrant issued by the Circuit Judge the property was described as "gambling implements and devices used for the purpose of gaming and gambling."

In our view, either description was sufficient. See Church et al. v. State, supra.

Section 933.04 Florida Statutes, 1941 provides that "no search warrant shall be issued except upon probable cause, supported by oath or affirmation, particularly describing the . . . things to be seized." The phrase "particularly describing the thing to be seized" must be given a reasonable interpretation consistent with the type or character of the property sought. As is pointed out in State v. Nejin, 140 La. 793, 74 So. 103: " . . . where the purpose of the search is to find specific property, it should be so particularly described as to preclude . the possibility of seizing any other. On the other hand, if the purpose be to seize, not specified property, but any property of a specified character, which, by reason of its character and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description save as to such character, place, and circumstances, would be unnecessary and, ordinarily impossible; as, for instance, where a search is ordered for dies for the counterfeiting of money, or for opium, or gambling devices, or lottery tickets, or intoxicating liquors, alleged to be held in possession unlawfully, and the same is true though the illegality may consist in the intended use rather than the mere possession of the property." See also 47 Am. Jur. 524-25, Title, Searches and Seizures § 37.

The only remaining question with reference to the search warrant proceedings was whether the judge who issued the warrant was authorized to do so upon the facts presented to him at the time of the application.

Section 933.06 Florida Statutes 1941 prescribes that: "The judge or magistrate must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application. The affidavit and further proof, if same be had or required, must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist." Section 933.07 Florida Statutes 1941 provides that "The judge or magistrate, upon examination of the application and proofs submitted, if satisfied that probable cause exists for the issuing of the search warrant,

shall thereupon issue a search warrant signed by him with his name of office . . . "

The affidavit for the search warrant, made by the State Attorney, recited "that he has *learned from investigation made by him as State Attorney,* under the direction of the Grand Jurors of the March Term" that certain gambling devices were in the described building, "and that your affiant has *information* from other persons making undercover investigation that unlawful gambling, wagering, and betting and the playing of slot machines are actually being conducted on said premises within said building." (Emphasis supplied).

When the proceedings were held before the Judge of the Criminal Court of Record of Palm Beach County on the motion to quash the affidavit and warrant and suppress the evidence, the State Attorney testified under oath that he had based the allegations of his affidavit upon information obtained by him during an investigation ordered by the Grand Jury, from at least five affidavits and probably twenty-five people, including the investigator who personally went to the premises of the appellant and saw gambling being conducted; that when he, the State Attorney, appeared before the Circuit Judge seeking the search warrant the investigator went with him and related to the Circuit Judge—whether under oath or not, the State Attorney could not say—the exact location of all of the gambling equipment on the premises; that at the time of application a separate affidavit made by the special investigator containing the facts known to him was exhibited to the Circuit Judge; that another affidavit pertaining to the same subject matter, made by several other persons who had actual knowledge of the operations of the establishment, was likewise presented to the Circuit Judge.

The appellant submits that the testimony given by the State Attorney was completely negative by the testimony of the Circuit Judge who issued the search warrant, given at the same hearing. We do not think that the Circuit Judge's testimony had this effect. With all candor and fairness the Circuit Judge, when he gave his testimony, made it plain that his memory wasn't distinct about the matter and that consequently he could not be positive in his statements, but that his

best recollection was that at the time he issued the warrant he had before him only the affidavit made by the State Attorney, and that the search warrant was based entirely upon such affidavit.

Both court officers who testified at the hearing are known to this court to be gentlemen of great rectitude and professional integrity. On the issue with reference to the sufficiency of the proofs submitted to the Circuit Judge as a condition precedent to the issuance of the search warrant to the Judge of the Criminal Court before whom the proceedings to quash were being heard was faced with the alternative either of accepting the positive unequivocal statements of the State Attorney concerning the affidavits and evidence presented to the Circuit Judge, or the testimony of the Circuit Judge which was wholly lacking in positiveness because of the fact—as the Circuit Judge himself explained—that his recollection on the point was not clear and distinct. The Criminal Court Judge relied on the statements made by the State Attorney; and we cannot say, under the circumstances of the case, that he committed error.

When all the written proofs presented to the Circuit Judge at the time of the application for the search warrant are considered together we think it entirely plain that the allegations of the affidavit made by the State Attorney were not based solely upon information and belief but upon prositive credible information within the knowledge of the State Attorney, "learned from an investigation conducted by him as State Attorney," as alleged in the affidavit. Moreover, the Circuit Judge had before him at the time of the issuance of the warrant, from the "application and proofs submitted," sufficient facts to have satisfied him "that probable cause exists for the issuing of the search warrant."

In the "history of the case" appearing in appellant's brief some statement is made to the effect that the County Solicitor's affidavit to the information upon which the appellant was tried was legally insufficient and that consequently the trial judge should have granted the appellant's motion to quash the information. This issue has not been properly argued or pre-

sented by any question in the brief of the appellant, and there-- fore we must assume that the point has been abandoned. See Clements v. Starbird, 152 Fla. 555, 12 So. (2nd) 578; State v. Jensen Road & Bridge Dist. et al., 144 Fla. 442, 198 So. 105; Harris v. State, 135 Fla. 251, 184 So. 851.

Another assignment of error filed by the appellant raises the question of the sufficiency of the evidence to sustain the verdict. We have examined the record carefully and are of the view that the evidence adduced by the prosecution—even without the evidence procured by virtue of the search warrant —would have been sufficient to have sustained a verdict based upon the second count of the information.

At the conclusion of the trial and the adjudication of the guilt of the appellant under the second count of the information, the trial judge entered an order for the destruction of the gambling devices and equipment seized under the search warrant. The appellant contends that this order should not be allowed to stand because entered without notice to the appellant or his counsel. We have in the record before us a photostatic transcript of the proceedings in the Criminal Court of Record of Palm Beach County. From an inspection of it we think it manifestly plain that at the time the order was entered the appellant and his attorney were present in open court, yet made no objection to the entry of the order. Under such circumstances, written notice of the entry of the order, if otherwise required, was not necessary.

We have considered all other assignments presented and argued by the appellant and find them to be without merit. From the conclusions we have reached, it follows that the judgment appealed from should be affirmed.

It is so ordered.

THOMAS, C. J., TERRELL, and CHAPMAN, JJ., concur.

33 So. (2nd) 155                                      June Term, 1947
December 16, 1947                                           En Banc.