390 So.2d 97 (1980)
Philip PEZZELLA, Michael Pezzella and Robert Pezzella, Appellants,
v.
The STATE of Florida, Appellee.
No. 79-1558.
District Court of Appeal of Florida, Third District.
November 4, 1980.
Rehearing Denied December 8, 1980.
*98 John H. Lipinski, Miami, for appellants.
Jim Smith, Atty. Gen., and Susan C. Minor, Asst. Atty. Gen., for appellee.
Before HUBBART, C.J., and NESBITT and DANIEL S. PEARSON, JJ.
NESBITT, Judge.
The issue before us is whether a search warrant for the seizure of personal property was constitutionally overbroad so as to require the suppression of evidence seized pursuant thereto. We find that it was and reverse.
The defendants entered a plea of nolo contendere to multiple charges of possession of narcotics and controlled substances, specifically reserving the right to appeal the denial of their motion to suppress evidence obtained as a result of the challenged search warrant.
The search warrant in question described the premises to be searched with great particularity. However, the command of the warrant, with respect to the personal property to be seized, provided:
"Possession of a controlled substance: In violation of F/S/S 896.13 [893.13]."
The Fourth Amendment to the Constitution of the United States, which guards against unreasonable searches and seizures, specifically provides: "[N]o warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Article I, Section 12 of the Declaration of Rights of the Florida Constitution contains substantially *99 the same positive requirement. Section 933.05 of the Florida Statutes (1977) redundantly contains a similar prohibition.
It is settled that if a warrant fails to adequately specify the material to be seized, thereby leaving the scope of the seizure to the discretion of the executing officer, it is constitutionally overbroad. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). What constitutes a sufficient description is dependent upon the circumstances of the case.
In Bloom v. State, 283 So.2d 134 (Fla. 4th DCA 1973), a search warrant commanding the seizure of "stolen property [possessed] in violation of Section 811.16, Florida Statutes," was held to insufficiently detail the property to be seized. Also, in United States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643 (S.D.Fla. 1931), a search warrant commanding the seizure of "certain property designed for use in the unlawful manufacture of intoxicating liquor, which is being used as a means of committing a misdemeanor, to-wit, a violation of the National Prohibition Act," was similarly held overbroad. There, the court stated:
When dealing with property which is inherently innocuous, the affidavit and warrant should contain at least a designation by generic terms of the class, or classes, of property to be searched for and seized. The executing officer's sole function is to apply the description to its subject-matter. Performance of that function may frequently involve the exercise of a limited description of such generality, however, as to lodge in the executing officer virtually unlimited discretion as to what property shall be seized, is repugnant ... to the Constitution... .
However, in United States v. Davis, 589 F.2d 904 (5th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979), a search warrant which authorized the seizure of "white string, brown paper, corregated [sic] paper. ..." was held sufficient. There, the investigating officers were seeking to link an explosive device sent through the mails which was detonated due to some human causation. In Davis, the Court articulated the reason for upholding the validity of the warrant:
When an exact description of the objects of the search is a "virtual impossibility," however, "the searching officer can only be expected to describe the generic class of items he is seeking." ... These materials were listed in the search warrant because investigators found pieces of such materials in the vicinity of the explosion. Any more particularized description of the materials would have been virtually impossible. Those executing the search warrant could not be expected to chemically analyze prior to seizure any items in those general classes to determine if they were identical to the material found at the explosion site.
589 F.2d at 906.
In determining the degree of specificity required in the description of goods to be seized, it is necessary to look at the nature of the thing to be seized and the particular circumstances of the case. North v. State, 159 Fla. 854, 32 So.2d 915 (1947). Keeping in mind that the purpose of requiring particularity in the description of things to be seized under a warrant is to prevent general searches, Andresen v. Maryland, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), and to identify the property with reasonable certainty so as to leave nothing to the discretion of the officer executing the warrant, Marron v. United States, supra, we find that, upon the circumstances presented in this case, it is obvious that the search warrant was overbroad and therefore vulnerable to a motion to suppress.[1]
*100 A reading of the affidavit in support of the search warrant in the present case confirms its overbreadth. In the affidavit, the chronology, facts, and circumstances related through the medium of a confidential informant were all with respect to the defendant's possession, sale, and distribution of methaqualone. Since the supporting affidavit referred, with specificity, to a particular controlled substance, there was no need or purpose shown as to order the seizure of any controlled substances. The officers had the ability and the information to properly describe what they were looking for. Such a command gave the executing officers carte blanche authority to rove through the defendant's house, and with their lawful presence, conduct an exploratory search.
Although it has been often stated, it may be worth reiterating that physical attachment of a supporting affidavit to the search warrant and the warrant's specific reference to and incorporation of the affidavit will often cure warrants which are otherwise deficient by reason of lack of specificity, Booze v. State, 291 So.2d 262 (Fla.2d DCA), cert. denied, 297 So.2d 836 (Fla.), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974); Bloom v. State, supra, and under the doctrine of severability, may cure warrants which are overbroad in terms of describing the items to be seized. State v. Quigg, 115 Mont. 119, 132-33, 467 P.2d 692, 699 (1970). At least such a practice will have the salutary effect as pointed out in Booze v. State, supra, at 263, quoting from Judge Leventhal's opinion in Moore v. United States, 461 F.2d 1236, 1239 (D.C. Cir.1972) that:
[i]t makes the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for this intrusion on his privacy. And it avoids any possible claim or suspicion by the citizen involved that the affidavit later located in the official file was inserted after the fact of the search.
Finally, defendants assert that Section 896.13 of the Florida Statutes was non-existent at the time the warrant was issued and therefore, the warrant is defective because it makes reference to it.[2] We reject this contention because search warrants are not to be scrutinized for technical niceties. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684, 689 (1965); State v. Heape, 369 So.2d 386 (Fla. 2d DCA 1979).
We note that reversal of these convictions will have no practical effect upon the conviction of Michael Pezzella on his plea of nolo contendere to the offense of battery on a police officer which obviously was unrelated to the search warrant. Accordingly, the judgments of conviction of the defendants, arising out of the evidence obtained on the constitutionally overbroad search warrant, are reversed.
NOTES
[1] We do, however, recognize that the particularity requirement of the search warrant has been applied on a sliding scale according to the item to be seized. When the items are books, papers, film, recordings, etc., First Amendment freedoms will tolerate only scrupulous exactitude. Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965). When contraband is sought, the courts have been least demanding in their description requirements. North v. State, supra. However, this "sliding scale" must be applied under the parameters of reasonableness. When those seeking a warrant have the ability and information to enable them to describe with particularity that which they seek, the Constitution requires that they do so.
[2] The appropriate section was 893.13, Florida Statutes (1977).