THOMPSON, Judge.
This is a consolidated appeal from an order granting the appellees’ motions to suppress evidence. The State argues that the trial court erred by finding that the search warrant herein failed to state with particularity the property to be seized. We agree and reverse.
A Gainesville police officer applied for a warrant to search the appellees’ residence. He explained in detail why he thought cannabis and cocaine were located on the premises. He also explained why he believed that the appellee McCrery was dealing in large amounts of illegal narcotics. Based upon the police officer’s affidavit, a search warrant was issued, authorizing a search for the following items: “contraband being controlled substances under Chapter 893 Florida State Statutes including cocaine, cannabis and records and notes of narcotic transactions as well as evidence of the commission of a felony; to wit: possession and possession with intent to sell or deliver cocaine and/or cannabis.”
The search warrant was executed, and the appellee McCrery was subsequently charged with possession of more than 20 grams of cannabis, while the appellee Guer-tin was charged with possession of cannabis. The appellees filed motions to suppress all evidence seized from their residence, and these motions were granted.
“In determining the degree of specificity required in the description of goods to be seized, it is necessary to look at the nature of the thing to be seized and the particular circumstances of the case.” Pezzella v. State, 390 So.2d 97, 99 (Fla. 3d DCA 1980). “When contraband is sought, the courts have been least demanding in their description requirements.” Id. at 99 n. 1. Of course, the standard of reasonableness must be applied. Given these considerations, we find that the search warrant herein adequately described the property to be seized.
The instant case may be contrasted with Pezzella, where the court found that the following description of property to be seized was constitutionally overbroad: “Possession of a controlled substance: In violation of F/S/S 896.13 [893.13].” Unlike the warrant in Pezzella, the search warrant here, on balance, sufficiently specifies the property to be seized. Thus, we reverse the trial court’s order.
McCORD and SHIVERS, JJ., concur.