418 So.2d 449 (1982)
Richard Long CARLTON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-1178.
District Court of Appeal of Florida, Fifth District.
August 25, 1982.
Larry G. Turner and Robert S. Griscti, Gainesville, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This case involves the question of whether the description in a search warrant of the property for which search and seizure is authorized was sufficiently definite.
The affidavit for the search warrant presented as probable cause two controlled purchases of cannabis by an informant from appellant while appellant was seated in a certain specifically described 1977 Ford automobile. The search warrant did not restrict the search to cannabis, but authorized a search of the automobile and seizure *450 of "all controlled substance and other matters of [sic] things pertaining or relating to said possession and sale of controlled substance violations of chapter 893, Florida Statutes."
The search yielded cannabis and other controlled substances. Carlton appeals the trial court's denial of his motion to suppress the property seized under the warrant, arguing that the description in the warrant was unconstitutionally vague.
Both the federal and Florida constitutions provide that a search warrant must specifically describe both the property to be searched and the property to be seized. U.S.Const. Amend. IV; Art. 1, § 12, Fla. Const. This constitutional requirement prohibits a warrant authorizing a general search. However, the description requirement "must be given a reasonable interpretation consistent with the type or character of the property sought." North v. State, 159 Fla. 854, 32 So.2d 915 (1947). Thus, a distinction is made as to whether the property is inherently innocuous or inherently illegal. In United States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643 (S.D.Fla. 1931), the federal district court stated that "when dealing with property which is inherently innocuous, the affidavit and warrant should contain at least a designation by generic terms of the class, or classes, of property to be searched for and seized." The court indicated, however, that where the property was not innocuous, but is "prima facie contraband," a looser description is allowable. Id. at 644. Accord, United States v. Tranquillo, 330 F. Supp. 871 (M.D. Fla. 1971).
Appellant relies on Pezzella v. State, 390 So.2d 97 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981), in which the warrant described the property to be seized as "Possession of a controlled substance: in violation of F/S/S 896.13 [893.13]." The court read the warrant as authorizing seizure of all controlled substances and held that, "since the supporting affidavit referred, with specificity, to a particular controlled substance, there was no need or purposes shown as to order the seizure of any controlled substances. The officers had the ability and the information to properly describe what they were looking for. Such a command gave the executing officers carte blanche authority to rove through the defendant's house, and with their lawful presence, conduct an exploratory search." Perhaps the court in Pezzella was especially sensitive to the breadth of the description of the property to be seized because it related to a search of a home. In any event, here the warrant authorized the search of an automobile and the search of vehicles for contraband has long been, and still is, a special problem and a special situation with respect to expectations of privacy. See § 933.19, Fla. Stat. (1981); United States v. Ross, ___ U.S. ___, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
State v. McCrery, 402 So.2d 49 (Fla. 1st DCA 1981), review denied, 412 So.2d 467 (Fla. 1982), approved a warrant authorizing the search of a residence which described the property to be seized as "contraband being controlled substances under Chapter 893 Florida State Statutes including cocaine, cannabis and records and notes of narcotic transactions as well as evidence of the commission of a felony: to-wit: possession and possession with intent to sell or deliver cocaine and/or cannabis." In effect, this warrant described the property to be seized as "controlled substances," as in this case. The first district recognized Pezzella, but only quoted Pezzella's statement that North holds that "when contraband is sought, the courts have been least demanding in their description requirements."
Whether or not McCrery is in conflict with Pezzella, we agree with McCrery. Since all "controlled substances" are contraband which can be seized if found during an authorized search, we hold that a warrant authorizing the search of a specific vehicle for all "controlled substances" sufficiently describes the property authorized to be seized.
AFFIRMED.
ORFINGER, C.J., and SHARP, J., concur.