HOBSON, Acting Chief Judge.
Eddie West appeals an order adjudicating him guilty and sentencing him for possession of cocaine which followed an order denying his motion to suppress cocaine, marijuana, and drug paraphernalia seized from his apartment pursuant to a search warrant. We reverse.
On January 15, 1982, Detectives Steube and Potts of the Manatee County Sheriff’s Department executed an affidavit in support of a warrant for the search of appellant’s Bradenton apartment. The affidavit, which they submitted to a circuit court judge, mentioned only that a confidential informant made a controlled purchase of six packets of cocaine from a person inside appellant’s apartment on January 8, 1982. It did not apprise the court of a second confidential informant’s unsuccessful attempt to make a controlled buy of cocaine inside appellant’s apartment sometime between January 8 and 15, 1982. Detective Potts informed the judge orally at the time the detectives submitted the affidavit that he had received three anonymous telephone calls on December 13, 17 and 18, 1981, from a black female advising him that narcotics activity was transpiring at appellant’s apartment. The judge expressly found that, based upon his consideration of the affidavit and oral examination of the affi-ants, probable cause existed to believe that the laws relating to possession and sale of controlled substances were being violated. He thereupon issued a warrant authorizing a search of appellant’s dwelling “for any and all controlled substances found therein....”
*910 A January 22, 1982, search of appellant’s apartment pursuant to the warrant resulted in the seizure of fourteen tinfoil packages of cocaine, a plastic baggie of marijuana and drug paraphernalia. The state subsequently charged appellant with possession of cocaine in violation of section 893.13, Florida Statutes (1981).
Appellant filed a motion to suppress all evidence seized during the search, arguing in relevant part that the detectives had deliberately omitted material facts from the affidavit; that the issuing judge had improperly considered testimony not contained in the affidavit in reaching his probable cause determination; and that the warrant was overbroad.
After conducting a hearing on appellant’s motion to suppress, the court denied the motion. It ruled that no material facts had been omitted from the affidavit. It also decided that the search warrant was “well drawn and not overbroad,” explaining that the issuing judge “had the right to assume that if a person might sell cocaine, they [sic] might sell some other kind of controlled substance.” This language implicitly shows that the court believed that the affidavit, by itself, demonstrated probable cause to uphold the warrant.
Appellant thereafter pled nolo conten-dere, specifically reserving his right to appeal the denial of the motion to suppress. He was then adjudicated guilty of the charge and sentenced to a prison term of one year and one day. The state has stipulated that the search warrant issue is dis-positive.
On appeal, appellant raises the three aforementioned arguments about the omission from the affidavit, the affiant’s oral testimony, and the warrant’s overbreadth. We shall address each contention in order.
Appellant submits that had the detectives included in the affidavit the information regarding the second confidential informant’s futile attempt to make a controlled purchase of cocaine at appellant’s residence, the issuing judge may have concluded that probable cause did not exist to believe that drugs would be found at his apartment. This argument was thoroughly discussed at the suppression hearing. After listening to the detectives’ testimony, the court did not find that the information regarding the second confidential informant’s unsuccessful attempt was omitted with an intent to deceive the magistrate or with reckless disregard for the truth. Further, the court found that the omission was not material. We therefore reject appellant’s contention on this issue.
Appellant next argues that the issuing judge’s finding of probable cause was improperly grounded in part upon a consideration of the affiant’s oral testimony. Both parties concur that an affidavit, in and of itself, must demonstrate probable cause for the issuance of the search warrant and that such affidavit cannot be supplemented by oral testimony in order to establish probable cause for the issuance of the warrant. Article I, § 12, Fla. Const.; Orr v. State, 382 So.2d 860 (Fla. 1st DCA 1980). Notwithstanding the issuing judge’s statement that his finding of probable cause was based upon an oral examination of the affi-ants and a study of the affidavit, the state poses that the affidavit by itself was sufficient to demonstrate probable cause to believe that “any and all controlled substances” were at appellant’s residence. The court below apparently agreed, since it reasoned that the fact of a sale of cocaine justified a search for controlled substances. Therefore, we shall now turn to appellant’s overbreadth argument.
Article I, section 12, of the Florida Constitution reads in relevant part:
[N]o warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, ....
(Emphasis added.) Similarly, the Fourth Amendment to the United States Constitution states:
No warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place *911 to be searched, and the persons or things to be seized.
(Emphasis added.)
The purpose of requiring that a search warrant particularly describe the things to be seized is to prevent an unconstitutional general search. See, e.g., Andresen v. Maryland, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748,49 L.Ed.2d 627, 642 (1976); Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564, 583 (1971); Marron v. United States, 275 U.S. 192,195-96, 48 S.Ct. 74, 75-76, 72 L.Ed. 231, 236-37 (1927); Boyd v. United States, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886).
A search warrant which authorizes an unconstitutional general search can invariably be categorized as one which is overbroad on its face, overbroad in light of the facts, or both. A warrant is overbroad on its face when the description within the warrant of the items to be seized fails to adequately limit the discretion of the officer executing the warrant. See, e.g., Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); Bloom v. State, 283 So.2d 134 (Fla. 4th DCA 1973); United States v. Quantity of Extracts, Bottles, etc., 54 F.2d 643 (S.D.Fla.1931). Declared the United States Supreme Court in Marron:
The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant. •
Marron, 275 U.S. at 196, 48 S.Ct. at 76, 72 L.Ed. at 237. (Emphasis added.) A search warrant is overbroad in light of the circumstances when the description within the warrant of the things to be seized is broader than the description presented in the affidavit. See, e.g., Pezzella v. State, 390 So.2d 97 (Fla. 3d DCA 1980), petition for review denied 399 So.2d 1146 (Fla.1981); Bloom; People v. Yusko, 45 A.D.2d 1043, 358 N.Y.S.2d 176 (1974). A warrant should not be any broader than the affidavit because the affidavit is a prerequisite to its issuance. See Joyner v. State, 303 So.2d 60 (Fla. 1st DCA 1974), cert. discharged 325 So.2d 404 (Fla.1976). As emphasized earlier, article I, section 12, of the Florida Constitution expressly provides that the warrant shall be “supported by affidavit.”
In Pezzella, relied upon by appellant, the Third District Court of Appeal reversed a trial court’s denial of the defendant’s motion to suppress under analogous facts because it held that the search warrant was overbroad in light of the circumstances. There, the affidavit in support of the warrant referred to information that the defendant possessed and sold only methaqua-lone. The warrant, however, authorized officers to seize “[possession of a controlled substance: In violation of F/S/S 896.13 [893.13].” Officers thereafter executed the warrant and seized various types of controlled substances from the defendant’s residence. In reversing, the court stated:
A reading of the affidavit in support of the search warrant in the present case confirms its overbreadth. In the affidavit, the chronology, facts, and circumstances related through the medium of a confidential informant were all with respect to the defendant’s possession, sale, and distribution of methaqualone. Since the supporting affidavit referred, with specificity, to a particular controlled substance, there was no need or purpose shown as to order the seizure of any controlled substances. The officers had the ability and the information to properly describe what they were looking for. Such a command gave the executing officers carte blanche authority to rove through the defendant’s house, and with their lawful presence, conduct an exploratory search.
Pezzella, 390 So.2d at 100. (Emphasis in original.)
The state, while acknowledging Pezzella, relies upon Carlton v. State, 418 So.2d 449 (Fla. 5th DCA 1982), wherein the Fifth District Court of Appeal reached an opposite result under similar facts. There, the affidavit for the search warrant showed probable cause to believe that there had *912 been two controlled purchases of cannabis by an informant from the defendant while the defendant was seated in a particularly described automobile. The warrant authorized a search of the automobile for “all controlled substance and other matters of [sic] things pertaining or relating to said possession and sale of controlled substance violations of chapter 893, Florida Statutes.” A subsequent search of the car led to the seizure of cannabis and other controlled substances. Our sister court affirmed the trial court’s denial of the defendant’s motion to suppress, holding that the warrant sufficiently described the property to be seized.
In reaching their respective decisions, our sister courts in Carlton and Pezzella recognized, as do we here, that where inherently illegal property is sought, versus inherently innocuous items, the particularity requirement of the state and federal constitutions need not be as strictly adhered to. As our state supreme court explained in North v. State, 159 Fla. 854, 32 So.2d 915 (1947):
The phrase “particularly describing * * * thing to be seized” must be given a reasonable interpretation consistent with the type or character of the property sought. As is pointed out in State v. Nejin, 140 La. 793, 74 S. 103, 106: “ * ⅜ * where the purpose of the search is to find specific property, it should be so particularly described as to preclude the possibility of seizing any other. On the other hand, if the purpose be to seize, not specified property, but any property of a specified character, which, by reason of its character and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description, save as to such character, place, and circumstances, would be unnecessary and ordinarily, impossible; ....
Id. at 917.
The courts in Carlton and Pezzella apparently reached opposite results because the Pezzella court, unlike the Carlton court, stressed that, even though contraband may be sought pursuant to a warrant, when a judge issuing a warrant has the ability and information to enable him to describe with particularity the contraband which is sought, the constitution requires that he do so. We agree with Pezzella and disagree with Carlton.
In construing the North holding regarding the “looser” standard of particularity where contraband is sought, we deem it vitally important to recognize that, unlike the situations in Pezzella, Carlton and this case, the court in North faced the not uncommon predicament in cases involving contraband where a particular description of the items of contraband to be searched for and seized was not feasible, let alone possible. The affidavit there described the illicit property to be seized as “numerous slot machines, roulette wheels, and other gambling devices and games of chance such as are commonly used in gambling games.” The warrant authorized the seizure of “gambling implements and devices used for the purpose of gaming and gambling.” In affirming appellant’s conviction, the court held that either description was sufficient.
Even though it was not possible in North to precisely describe all the items of contraband to be searched for and seized, the warrant was still not overbroad in light of the facts presented in the affidavit; it was as limited as circumstances reasonably permitted. See also, State v. McCrery, 402 So.2d 49 (Fla. 1st DCA 1981), petition for review denied, 412 So.2d 467 (Fla.1982) (warrant authorizing a search of defendant’s residence for “contraband being controlled substances under chapter 893, Florida State Statutes including cocaine, cannabis and records and notes of narcotic transactions as well as evidence of the commission of a felony; to wit: possession and possession with intent to sell or deliver cocaine and/or cannabis” held valid; affiant had explained in detail in the affidavit why he believed that cannabis and cocaine were located on defendant’s premises and why he thought that defendant was dealing in large amounts of illegal narcotics); State v. Clark, 281 N.W.2d 412 (S.D.1979) (warrant authorizing a search of defendant’s resi *913 dence for “any and all substances controlled by SDCL 39-17 facts showed that the informant had personally observed cocaine, marijuana and amphetamines at defendant’s address and that he had been present when defendant ordered various illicit drugs from a dealer over the telephone); State v. Salinas, 18 Wash.App. 455, 569 P.2d 75 (1977) (warrant authorizing a search of defendant’s residence for “controlled substances known as scheduled and legend drugs” held not overbroad; facts demonstrated that defendant had purchased some drugs from a person who had bought drugs from two individuals who had stolen from a pharmacy 43 types of scheduled and legend drugs consisting of about 20,000 separate items); People v. Schmidt, 172 Colo. 285, 473 P.2d 698 (1970) (warrant describing property to be seized from defendant’s residence as “Marijuana, (Cannabis Sativa L.) dangerous drugs, stimulant drugs, and hallucinogenics, as defined in House Bill # 1021 ...” held valid; affiant had revealed in the affidavit that he had personal knowledge that defendant was a user and seller of marijuana and dangerous drugs).
The United States Supreme Court emphasized in Coolidge that a distinct protection afforded by the warrant requirement is that a search allowed for “should be as limited as possible.” Coolidge, 403 U.S. at 467, 91 S.Ct. at 2038, 29 L.Ed.2d at 583. Here, as in Pezzella and, in our view, as in Carlton, the search warrant is not as limited as possible. The warrant is overbroad in light of the facts set forth in the affidavit.[1] As noted previously, the affidavit mentioned only a sale of cocaine, a controlled substance. See § 893.03(2)(a)4. The affidavit did not say anything about there being other controlled substances on appellant’s premises. The warrant nevertheless authorized a search for “any and all controlled substances ....” We cannot help but point out that there are over 175 controlled substances. See § 893.03. To be sure, the mention in the affidavit here of a sale of cocaine at appellant’s apartment may have led the issuing judge to infer that there might be other controlled substances on the premises. However, the federal and state constitutions dictate that a search warrant be issued upon probable cause, not inferences. In our view, the affidavit in question does not, without more, establish probable cause to believe that other controlled substances were located at appellant’s residence.[2]
We therefore refuse to follow cases cited by the state for the proposition that language similar to that contained in the instant search warrant is not overbroad. See, e.g., State v. Hamilton, 236 N.W.2d 325 (Iowa 1975) (warrant authorizing a search of defendant’s apartment for “hashish, a Schedule I controlled substance, and any and all controlled substances as defined in [chapter] 204 of the 1973 Code of Iowa” held not overbroad; affiant’s only knowledge of illegal activity was that a mail carrier had delivered a package containing hashish to defendant’s residence); People v. Henry, 173 Colo. 523, 482 P.2d 357 (1971) (warrant authorizing a search of defendant’s residence for “narcotics, dangerous drugs and narcotics paraphernalia” held not too general; authorities applying for the warrant knew only about marijuana at defendant’s premises).[3]
*914 In closing, we believe it worthwhile to recall that even if an affidavit which supports a search warrant is sufficiently detailed, as here, it cannot cure a defect in a warrant consisting of a failure to describe items to be seized with particularity. Bloom. A defective warrant can only be saved if 1) the supporting affidavit is physically attached to the warrant at the time the warrant is executed; and 2) the warrant expressly refers to the affidavit and incorporates it by reference. Bloom. See also Booze v. State, 291 So.2d 262 (Fla. 2d DCA), cert. denied 297 So.2d 836 (Fla.), cert. denied 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974). The record shows that neither of these two requirements was satisfied here.
Lastly, we are aware that search warrants have been upheld in part under a concept of severability with respect to articles to be seized. See Aday v. Superior Court of Alameda County, 55 Cal.2d 789, 362 P.2d 47, 13 Cal.Rptr. 415 (1961); People v. Niemczycki, 67 A.2d 442, 415 N.Y.S.2d 258 (1979); People v. Mangialino, 75 Misc.2d 698, 348 N.Y.S.2d 327 (N.Y.Crim.Ct.1973). However, this doctrine of severability does not apply here because there is no valid portion which can be excised. Compare, e.g., Niemczycki (warrant authorized a search of defendant’s premises for “[tjwelve large plastic bags containing marijuana and any other contraband which is unlawfully possessed”; court held that there was only probable cause to search for the bags of marijuana and that, even though other contraband was seized during the search, the severability doctrine could be applied to uphold the seizure of the bags of marijuana).
Accordingly, we reverse the order convicting appellant for possession of cocaine and sentencing him thereon.
REVERSED.
LEHAN, J., concurs.
SCHEB, J., dissents with opinion.

. The search warrant here is not overbroad on its face. All controlled substances are listed in § 893.03, Fla.Stat. (1981). As a result, the executing officer’s discretion is adequately limited in that the lists of controlled substances in § 893.03 delineate the scope of the search.

. The state cites Illinois v. Gates, - U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) 33 Crim.L.Rptr. 3109, evidently for the argument that the United States Supreme Court has relaxed certain requisites for a showing of probable cause. However the Court in Gates continues to emphasize the need for probabilities. The Court made it clear that, although great deference should be given to the conclusions of the magistrate who-issues the warrant, he must deal in probabilities. 33 Crim.L.Rptr. at 3116.

.One seemingly might point out that if the search warrant in question had authorized only a search for cocaine the executing officers would have been able to seize any controlled substances which they found in plain view or inadvertently while searching for cocaine. See Alford v. State, 307 So.2d 433 (Fla.1975), cert. denied 428 U.S. 912, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). One might therefore conclude *914 that, practically speaking, it makes no difference that the warrant here did not authorize only a search for cocaine. Although tempting, such reasoning is fallacious. If the warrant had authorized only a search for cocaine, the seizure of other drugs found in plain view or inadvertently would have been clearly proper since the searching officers would have gained entry onto the premises pursuant to a valid warrant. Indeed, such was the case in Alford Under our facts, however, the officers did not gain entry pursuant to a valid warrant. Thus, they did not have a right to be there to search for anything.