SCHEB, Judge,
dissenting.
I disagree with the majority’s conclusion that the warrant, which authorized a search for “any and all controlled substances found therein,” was overbroad and amounted to a general warrant proscribed by Article I, section 12, of the Florida Constitution and the fourth amendment of the United States Constitution. At the outset I acknowledge the historical importance of guarding against issuance of general warrants. However, I do not believe the warrant before us offends that principle.
The language of the warrant must inform the officers of the limits of the search. Here, the words “any and all controlled substances” have a definite meaning. See § 893.02(3), Fla.Stat. (1981). In fact, the majority recognizes that the search warrant now before us is not overbroad on its face and that the executing officer’s discretion was adequately limited by the list of controlled substances in section 893.03, which delineated the scope of the search.
The majority’s position is that the warrant, while not overbroad on its face, is overbroad in light of the facts set forth in the affidavit which only allude to cocaine being on appellant’s premises. Certainly, if the warrant had only authorized a search for cocaine, there would have been no over-breadth problem. The officers then would have been able to seize other contraband found in plain view or discovered inadvertently during the course of their search for cocaine. Alford v. State, 307 So.2d 433 (Fla.1975), cert. denied, 428 U.S. 912, 96 S.Ct. 3227, 49 L.Ed.2d 1221 (1976). There is no indication here that the officers were conducting a general exploratory search for anything outside the scope of the warrant. *915 In any event, the fourteen packets of cocaine should not be suppressed since cocaine was specifically mentioned in the affidavit and comes within the scope of “controlled substances” in the warrant.
The description requirement for property to be seized under warrant “must be given a reasonable interpretation consistent with the type or character of the property sought.” North v. State, 159 Fla. 854, 32 So.2d 915 (1947). I think it important to note that here we are concerned with contraband substances which are inherently illegal. It is one thing to authorize a search for a specific item of property which is not inherently illegal. In such an instance the property must be particularly described to prevent the officers from seizing the wrong item. It is entirely something else where, as here, there is probable cause to justify a search for property which is “prima facie contraband.” In describing property which by character is illicit, a looser description is allowable. See Carlton v. State, 418 So.2d 449 (Fla. 5th DCA 1982); State v. McCrery, 402 So.2d 49 (Fla. 1st DCA 1981), petition for review denied, 412 So.2d 467 (Fla.1982).
I agree with the Fifth District’s decision in Carlton, which affirmed the denial of a motion to suppress contraband items seized pursuant to a search warrant, which authorized seizure of “all controlled substance[s].” The court held that “[s]ince all ‘controlled substances’ are contraband which can be seized if found during an authorized search,” then the warrant authorizing a search for “all controlled substance[s]” sufficiently described the property to be seized. Interestingly, the search warrant in Carlton used broader language than the affidavit supporting the warrant. However, there was probable cause there, as well as here, for issuance of a warrant to search for “all controlled substances” despite the fact that the affiant’s personal knowledge may have been limited to one particular contraband substance.
As emphasized by the United States Supreme Court, the task of the judge issuing the warrant
is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, .. . there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the [judge] had a ‘substantial basis for ... concluding]’ that probable cause existed.
Illinois v. Gates, - U.S. -, 103 S.Ct. 2317, 76 L.Ed.2d 527, 548 (1983). I think that the judge authorizing the search warrant here could have reasonably inferred from the fact that cocaine was being sold that there might also be other contraband on the premises. See, e.g., State v. Hamilton, 236 N.W.2d 325 (Iowa 1975). In any event, justice is not served by suppressing the cocaine seized from the premises.
I disagree with the holding in Pezzella v. State, 390 So.2d 97 (Fla. 3d DCA 1980), petition for review denied, 399 So.2d 1146 (Fla.1981), as I think it represents an unnecessarily strict construction of the Florida and federal constitutions.
I would affirm the trial court’s denial of the motion to suppress. Therefore, I respectfully dissent.