449 So.2d 250 (1984)
Richard Long CARLTON, Petitioner,
v.
STATE of Florida, Respondent.
No. 62702.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied May 23, 1984.
Larry G. Turner and Robert S. Griscti of the Law Offices of Larry G. Turner, Gainesville, for petitioner.
Jim Smith, Atty. Gen. and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for respondent.
ADKINS, Justice.
This cause is before us on discretionary review of the Fifth District Court of Appeal's decision in Carlton v. State which is reported at 418 So.2d 449 (Fla. 5th DCA 1982). That case conflicts with Pezzella v. State, 390 So.2d 97 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner was arrested for possession of a controlled substance known as phencyclidine. The drug was seized by police from petitioner's automobile under the authority of a search warrant which authorized the search of the automobile and the seizure of "all controlled substances and other matters of [sic] things pertaining or relating to said possessions and sale of controlled substance violations of chapter 893, Florida Statutes,..." No restriction was placed on the executing officers as to what particular controlled substances were contemplated by the warrant's command although the affidavit supporting the warrant specifically identified two separate alleged cannabis transactions by the petitioner inside the vehicle as the facts tending to establish probable cause for issuance of the warrant. The affidavit identified no controlled substances other than cannabis that were allegedly located in the vehicle and, in fact, only sought authorization "to search the described vehicle and the persons therein reasonably expected to be involved with the illegal sale and possession of cannabis." The warrant did not refer to the alleged cannabis violations as a basis for finding probable cause and made no reference to cannabis.
As a result of the seizure of the phencyclidine, petitioner was charged with the possession of a controlled substance. Petitioner filed a motion to suppress the evidence arguing, among other grounds, that the command portion of the warrant was overbroad in scope as to the things to be *251 seized. The trial court denied the motion. Petitioner then entered a plea of nolo contendere to the possession charge expressly reserving the right to appeal the court's order denying the petitioner's motion to suppress. The Fifth District Court of Appeal affirmed petitioner's conviction and upheld the trial court's denial of the motion to suppress.
The Fifth District Court of Appeal noted that the description requirements of the United States and Florida Constitutions "must be given a reasonable interpretation consistent with the type or character of the property sought." 418 So.2d at 450 (citing North v. State, 159 Fla. 854, 32 So.2d 915 (1947)). The court quoted from a federal district court decision, United States v. Quantity of Extracts, Bottles, 54 F.2d 643 (S.D.Fla. 1931), for the proposition that a looser description is allowable where the property to be seized is not innocuous but is "prima facie contraband." The court also discussed petitioner's reliance on Pezzella v. State in which the warrant described the property to be seized as "possession of a controlled substance: in violation of F/S/S 896.13 [893.13]." The Pezzella court held that this description was unconstitutionally overbroad. The district court distinguished Pezzella from the present case on the ground that the Pezzella court was perhaps sensitive to the fact that the search involved in that case related to a home. The district court stated that the search of vehicles for contraband has and is a special problem and a special situation with respect to expectations of privacy. Concluding that "all `controlled substances' are contraband which can be seized if found during an authorized search," the district court held that the warrant sufficiently described the property authorized to be seized. We agree.
The thrust of petitioner's argument is that our prior decisions and United States Supreme Court precedent require that when facts are available to a magistrate to identify with particularity the items to be seized, the magistrate is constitutionally obligated to authorize a seizure of only those particular items. Petitioner discusses a number of Florida Supreme Court and district court of appeal decisions as authority for his assertion that a warrant's command must conform to its probable cause foundation. We do not believe that any of the cases relied on by petitioner mandate such a requirement. Our state constitution requires that search warrants particularly describe the property to be seized. Art. I, § 12, Fla. Const. This constitutional mandate has been further amplified by the Florida legislature in section 933.05, Florida Statutes (1981). That section provides, in part:
Issuance in blank prohibited.  A search warrant cannot be issued except upon probable cause supported by affidavit or affidavits, naming or describing the person, place or thing to be searched and particularly describing the property or thing to be seized.

We believe that the particularity requirement and its constitutionality must be judged by looking only at the information contained within the four corners of the warrant. We do not believe that the drafters of our constitution and this state's legislators intended that the language of a warrant be scrutinized and compared to the knowledge of the officer seeking the warrant and/or the information contained in the supporting affidavit. We simply cannot uphold the argument that the validity of a search warrant should depend, in large part, on whether the issuing magistrate had the ability and information to describe the property with a greater degree of particularity than he did. A valid warrant is always based on an affidavit which particularly describes the place to be searched and the person and thing to be seized. § 933.05, Fla. Stat. (1981).
The particularity requirement of warrants has a two-fold purpose. Perhaps the most frequently quoted statement in this regard is that of Justice Butler in Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927):
The requirement that warrants shall particularly describe the things to be *252 seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.
Thus, the particularity requirement stands as a bar to exploratory searches by officers armed with a general warrant. Andresen v. Maryland, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976). Additionally, the requirement limits the searching officer's discretion in the execution of a search warrant, thus safeguarding the privacy and security of individuals against arbitrary invasions by governmental officials. See Coolidge v. New Hampshire, 403 U.S. 443, 467, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971); Berger v. New York, 388 U.S. 41, 53, 87 S.Ct. 1873, 1880, 18 L.Ed.2d 1040 (1967); Camara v. Municipal Court, 387 U.S. 523, 528, 87 S.Ct. 1727, 1730, 18 L.Ed.2d 930 (1967).
The analysis which petition seems to suggest is not only unprecedented, but is also implicitly rejected by this Court's decision in North v. State. In North a warrant was issued for property described as "gambling implements and devices used for the purpose of gaming and gambling." 32 So.2d at 917. The affidavit described the property to be seized as "numerous slot machines, roulette wheels, and other gambling devices and games of chance such as are commonly used in gambling games." Id. This Court noted that the particularity requirement "must be given a reasonable interpretation consistent with the type or character of the property sought" and found the warrant's description of the property to be seized as sufficiently particular. The Court quoted from State v. Nejin, 140 La. 793, 74 So. 103, 106 (1917):
[W]here the purpose of the search is to find specific property, it should be so particularly described as to preclude the possibility of seizing any other. On the other hand, if the purpose be to seize, not specified property, but any property of a specified character, which, by reason of its character and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description, save as to such character, place, and circumstances, would be unnecessary and, ordinarily, impossible; as, for instance, where a search is ordered for dies for the counterfeiting of money, or for opium, or gambling devices, or lottery tickets, or intoxicating liquors, alleged to be held in possession unlawfully, and the same is true though the illegality may consist in the intended use rather than the mere possession of the property.
32 So.2d at 917.
When we consider the circumstances involved in the present case and the type of property to be seized, we believe that North requires us to affirm the decision of the district court. We fail to see how justice is being furthered by mandating that a warrant specify which particular controlled substance is to be seized. In most instances where a warrant is issued with the objective to seize and thus build a case against an individual for whom probable cause exists to suspect that individual of possessing and/or trafficking in a controlled substance, there is a high probability that the offense involves more than one particular controlled substance. We do not believe that a valid purpose is being served by requiring our law enforcement personnel to name each particular substance rather than the term "controlled substances." We do not think this is such a general term that it allows for abuse and unbridled discretion by law enforcement personnel or allows for a "general search" as that term is used in prior United States Supreme Court or Florida decisions. To hold otherwise would hamper law enforcement unjustifiably.
Today's decision obviously disapproves the holding of the Third District Court of Appeal in Pezzella. We cannot distinguish Pezzella, as the district court more or less attempted to do in the present case, by drawing a distinction here between the search of a home and the search of an automobile. We agree that there are special problems and situations relating to automobiles which justify differing treatment *253 when dealing with other issues such as probable cause, exigent circumstances, and the need for a warrant. However, the concerns which we have voiced to justify our holding and the law pertaining to this issue require us to disapprove Pezzella rather than distinguish it on such a basis.
We approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.