PER CURIAM.
This is a timely appeal of an order granting a motion to quash search warrant and suppress illegally seized evidence.
Showcase Products Unlimited, Inc., a Florida corporation (Showcase) and Salvatore Anthony Mangiamelli (Mangiamelli), were charged along with twenty-one others (including G.M. Distributors, Inc., a Florida corporation, d/b/a General Merchandise Distributors (G.M.D.)) in a forty-six count information. The appellees were charged with one count of organized fraud, one count of scheming to defraud, and forty-four counts of grand theft.
During the time period of January, 1984 to March, 1984, pursuant to a Florida Department of Law Enforcement undercover investigation, Special Agent Jacquelyn *13 Hodges worked as a telephone solicitor for G.M.D. While on the business premises she personally observed the workings of the operation. She stated in a probable cause affidavit that Mangiamelli, Walter P. Gardner, a/k/a Walter Kauger and Ellen Netter owned and operated Showcase and G.M.D. and that the companies were corporate alter-egos or parent/subsidiary operations. The business operation was described as the sale of advertising specialty products to businesses outside the state utilizing hard-sell techniques over the telephone. A search warrant was issued based upon Hodges’ affidavit and a search was conducted March 2, 1984, and evidence was seized.
An information charging the appellees was filed August 22, 1984. Showcase and Mangiamelli entered written pleas of not guilty. On July 31, 1985, Showcase filed a motion to quash the search warrant and suppress illegally seized evidence, challenging the legality of the warrant, and the search of its premises. Mangiamelli joined Showcase’s motion at the hearing. The motion was granted and an extensive order was entered by the trial judge. On appeal we are asked to review and decide whether appellees have met their burden of demonstrating a reasonable expectation of privacy in the premises searched in order to challenge the search warrant and whether the search warrant was facially sufficient in order to support its validity.
The state contends that neither Showcase or Mangiamelli demonstrated any reasonable expectation of privacy in the premises searched or property seized therefore it was error for the trial court to quash the warrant and suppress the seized evidence. According to the state, Showcase failed to establish its reasonable expectation of privacy in its business premises because its sole corporate officer and shareholder, Ellen Netter, did not appear at the hearing or make any averment in Showcase’s motion and Mangiamelli also failed to present any testimony that would establish his relationship (as corporate officer, shareholder) to Showcase and its business premises.
A discussion on standing to contest a search separate from a Fourth Amendment analysis is no longer proper. In Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) the Court stated that “standing is properly subsumed under substantive Fourth Amendment doctrine. [W]e think the better analysis ... focuses on the extent of a particular defendant’s rights under the Fourth Amendment rather than on any ... separate ... concept of standing.” 99 S.Ct. at 429.
In Dean v. State, 478 So.2d 38 (Fla.1985), our supreme court adopted the Rakas analysis. The court said:
[W]e do adopt the Rakas analysis. We hold that the determination of whether the proponent of a motion to suppress is entitled to contest the legality of a search and seizure must take into consideration the substantive fourth amendment issues as well as the concept of standing.... This conformity with the United States Supreme Court on this issue is particularly appropriate in light of the amendment to Article I, section 12, Florida Constitution, adopted after the Tsavaris decision in 1982, which mandates that the right against unreasonable searches and seizures “shall be construed in conformity with the fourth amendment to the United States Constitution, as interpreted by the United States Supreme Court.”
Id. at 41.
The key to this analysis is the comparison of the reasonableness of the search carried out pursuant to a warrant issued on an extensive affidavit detailing an undercover agent’s personal observations and conversations while legitimately on the business premises, to appellees’ claim of unreasonableness of that search and their expectation of privacy. Showcase as a corporation does have limited Fourth Amendment rights. A corporation’s business premises are protected by the Fourth Amendment. G.M. Leasing Corp. v. United States, 429 U.S. 354, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977). However, “[t]he Court ... has recognized that a business, by its special nature and voluntary *14 existence, may open itself to intrusions that would not be permissible in a purely private context.” 97 S.Ct. at 629. Showcase operated a sales-to-the-public type of business, whose property consisted of corporate records (public documents) and advertising materials circulated by mail or via the telephone throughout the country. The public nature of Showcase’s business conflicts with its claim of an expectation of privacy in its premises and property.
In regard to Mangiamelli, a businessman, like an occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property. See v. City of Seattle, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). Mangiamelli may well have been the head of the operation, however he presented no testimony that he controlled the corporations as director or officer, that he worked in the offices, or that the corporate property searched and seized was in his custody. We agree with the state’s contention that neither Showcase or Mangiamelli established a reasonable expectation of privacy in the areas searched.
We also conclude that the search warrant was facially sufficient to support the legality of the search and seizure. The information in the affidavit was clearly not stale because the undercover agent based it upon her observations during her term of employment, January 19th until March 1st, the day before the search warrant was executed and the search conducted. For the same reason the record establishes that probable cause existed to support this warrant. The undercover agent personally observed the ongoing criminal enterprise.
The search warrant also satisfies the particularity requirement. This requirement stands as a bar to exploratory searches under general warrants by requiring that things to be seized must be particularly described. Carlton v. State, 449 So.2d 250 (Fla.1984). “A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized.” United States v. Wuagneux, 683 F.2d 1343 (11th Cir.1982). The court in Wuagneux observed that the effective investigation of complex white-collar crimes may require the assembly of a paper puzzle from a large number of seemingly innocuous pieces of individual evidence:
“The complexity of an illegal scheme may not be used as a shield to avoid detection when the State has demonstrated probable cause to believe that a crime has been committed and probable cause to believe that evidence of this crime is in the suspect’s possession.” ... It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit. ... Accordingly, in cases such as the one before us involving complex financial transactions and widespread allegations of various types of fraud, reading the warrant with practical flexibility entails an awareness of the difficulty of piecing together the “paper puzzle.”
Id. at 1349.
Here, the warrant ordered seizure of business records and equipment and listed a partial description of what those would include. We hold that the face of this warrant demonstrates that the Fourth Amendment particularity requirement was followed. The warrant did not authorize a “general exploratory rummaging in a person’s belongings” as prohibited in Wuag-neux.
The order granting the motion to quash search warrant and suppress evidence is reversed and the cause is remanded for further proceedings.
REVERSED and REMANDED.
LETTS, DELL and GUNTHER, JJ., concur.