GOSHORN, Chief Judge.
The State appeals from the order granting William Nuckolls and Dolores Gunter's motion to suppress evidence seized pursuant to a search warrant. The State argues the trial court erred in finding the search warrant did not describe with sufficient particularity the items to be seized. We agree, and with the exception hereinafter discussed, reverse.
Nuckolls owned, operated, or was connected in some way to numerous used car dealerships. Nuckolls apparently operated several of the businesses out of the same building. In May 1989, Nuckolls and Gun-ter were arrested pursuant to an arrest warrant which was based upon a 182 count information charging them with odometer tampering, forgery, vehicle title violations, and notary public violations. At the time of the arrest, the police searched the building and seized 16 boxes of records from the premises pursuant to a search warrant, which specified the following items as being subject to seizure:
A. Documentary evidence, records, ledgers, notebooks, notes, telephone books, financial records and other documents tending to establish the identity of person(s) involved in the commission of odometer fraud, title fraud, forgery and notary fraud;
B. Records pertaining to banks and all financial records relating to the sale of motor vehicles, including bank statements, cancelled checks, cashier checks, bank drafts and monthly statements;
C. Employee records of Delores Gunter, Sharon Gibbs, Mark Steve Frick, Phillip Valenti, Wayne Gibson, Stacy Jones, Clay Jarrell, Betty Knight, Earl Bram-lett, Eddie Bramlett, for Bill Nuckolls Cars, Inc., Danlyn Motors, Inc., and the Orange County Auto Auction, Inc.;
D. Records pertaining to vehicle sales, including, but not limited to, odometer statements, vehicle condition reports, and *726 copies of title transactions, and reassignments;
E. Data stored on computer, including, but not limited to, magnetic media or any other electronic form, hard disks, cassettes, diskettes, photo optical devices and file server magnetic backup tapes;
F. Notary stamps and seals, typewriters and typewriter balls; hereinafter referred to as “The Property,” constitutes the instrumentality, means or evidence relevant to proving that a felony, to-wit: Organized Scheme to Defraud, F.S. 817.036(1), Notary Fraud, F.S. 117.09(2), Grand Theft, F.S. 812.014(2), Forgery, F.S. 831.01, Odometer Fraud, F.S. 319.35(l)(a), Title Fraud, F.S. 319.33(l)(e), is contained therein.
The appellees challenged the warrant on overbreadth grounds, arguing in their suppression motion that the warrant failed to state with the requisite particularity the items to be seized. The trial court reluctantly agreed, noting that while in the federal courts and in at least one other district in Florida the warrant would have met the particularity requirement, the trial court was bound in this district by our holding in Polakoff v. State, 586 So.2d 385 (Fla. 5th DCA) review denied, 593 So.2d 1053 (Fla.1991). The trial court granted the appel-lees’ motion to suppress.
The trial judge wrote in his order that the warrant “would meet the particularity requirement in most federal courts, especially in light of the recent trend towards flexibility when criminal activity pervades an entire business.” The trial court then cited numerous federal cases, illustrative of which is United States Postal Service v. C.E.C. Services, 869 F.2d 184 (2d Cir.1989) wherein the court considered the validity of a warrant issued in a case involving an alleged violation of the statute prohibiting mail solicitation for participation in a lottery scheme. The warrant permitted the seizure of the following property:
Business, personnel and financial records of the entities named herein;
Any records relating to the employment of solicitors, telephone personnel, and office personnel;
Lists of customers’ names and addresses and amounts of contributions and related records including payments and payment receipts, memorandum and notes;
U.S. Mail and stamps and envelopes and correspondence;
Any banking records of the entities named herein including, but not limited to, statements, checks and checking books, and deposit slips;
Any records of disbursements of funds, including, but not limited to, payroll, utilities, rent, telephone bills, daily sales figures; [and]
* * * # *
Contracts or any written agreements between any and all parties of the entities named herein.
Id. at 185. The court held the warrant was sufficiently particular:
As it would be virtually impossible to segregate documents or records not related to mailings from those related, the district court properly concluded that an entire business was involved. When the criminal activity pervades that entire business, seizure of all records of the business is appropriate, and broad language used in warrants will not offend the particularity requirements. National City Trading Corp. v. United States, 635 F.2d 1020, 1024-25, 1026-27 (2d Cir.1980).
Id. at 187.[1]
The Fourth District was also quoted by the trial court in the instant case as recog *727 nizing the need for flexibility in investigations of complex white collar crime. In State v. Showcase Products, Inc., 501 So.2d 11 (Fla. 4th DCA 1986), the court concluded that a warrant which authorized the seizure of business records and equipment and listed a partial description of what those would include, was facially sufficient to satisfy the particularity requirement. In reaching its decision, the Showcase court relied on a federal court case:
“A description is sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized.” United States v. Wuagneux, 683 F.2d 1343 (11th Cir.1982). The court in Wuagneux observed that the effective investigation of complex white-collar crimes may require the assembly of a paper puzzle from a large number of seemingly innocuous pieces of individual evidence:
“The complexity of an illegal scheme may not be used as a shield to avoid detection when the State has demonstrated probable cause to believe that a crime has been committed and probable cause to believe that evidence of this crime is in the suspect’s possession.” ... It is universally recognized that the particularity requirement must be applied with a practical margin of flexibility, depending on the type of property to be seized, and that a description of property will be acceptable if it is as specific as the circumstances and nature of activity under investigation permit_ Accordingly, in eases such as the one before us involving complex financial transactions and widespread allegations of various types of fraud, reading the warrant with practical flexibility entails an awareness of the difficulty of piecing together the “paper puzzle.”
Id. at 1349.
Id. at 14.
The trial court sub judice is correct that under the federal court cases and in the Fourth District the warrant would have been held sufficiently particular. However, this district is governed by our opinion in Polakoff v. State, 586 So.2d 385 (Fla. 5th DCA), review denied, 593 So.2d 1053 (Fla.1991). Polakoff sets a somewhat higher standard for the level of particularity required for a warrant. The defendant in Polakoff made usurious loans to several people, including Haya Bigloo. Bigloo provided pertinent information to the police, who obtained a warrant to search the defendant’s office for “documents recording the extension of credit to Haya Bigloo.” Included in the documents that were ultimately seized were files and documents relating to loans made to persons other than Bigloo and papers relating to loans that were not usurious. The defendant moved to suppress the evidence seized on the grounds that the warrant failed to de *728 scribe the items subject to seizure with the required particularity. This court agreed and held
that the search warrant authorizing the search for, and seizure of, “documents recording the extension of credit to Haya Bigloo” did not meet the requirement of Article I, section 12, Florida Constitution, that the search warrant “particularly” describe the thing or things to be seized. The documents, if any, as might constitute evidence of the charging, taking or receiving of usurious interest as to the two Bigloo loans, in violation of section 687.071(3), Florida Statutes, should have been so “particularly” and specifically described as to have permitted any document, found and examined by an officer executing the search warrant, to have been readily recognized as being, or not being, a document described in the warrant. Nothing should be left to the discretion of the officers executing the warrant as to what should be seized and taken. Marron v. U.S., 275 U.S. 192, 195, 48 S.Ct. 74, 75, 72 L.Ed. 231, 236 (1927); see also, Gildrie v. State, 94 Fla. 134, 113 So. 704 (1927). Warrants attempting to authorize a search for, and seizure of, a class or group of objects, such as “documents” are too general and do not describe the thing or things to be seized with the particularity that the constitution requires. If the original source of information upon which the search warrant affidavit relies cannot describe existing objects or things other than in terms of generic reference such as “papers”, “documents”, the information is too vague and indefinite upon which to authorize a search. General searches are not permitted.
Id. at 392.
Applying Polakoff to the instant case, we hold that paragraphs B, C, D, E, and F of the warrant are sufficiently particular. Although paragraph B begins by authorizing the taking of “records pertaining to banks and all financial records relating to the sale of motor vehicles,” the paragraph continues on to specify the exact documents: “including bank statements, cancelled checks, cashier checks, bank drafts and monthly statements.” Paragraph C calls for the seizure of the personnel records of named employees; paragraph D specifies odometer statements, vehicle condition reports, and copies of title transactions and reassignments; paragraph E lists numerous forms of computer data; and paragraph F allows the taking of notary stamps and seals, typewriters, and typewriter balls. Thus, the descriptions in these five paragraphs leave nothing to the discretion of the officers executing the warrant.
Of the six paragraphs listing items subject to seizure, only paragraph A fails the particularity test as established in this district. Paragraph A permits the seizure of “[djocumentary evidence, records, ledgers, notebooks, notes, telephone books, financial records and other documents tending to establish the identity of person(s) involved in the commission of odometer fraud, title fraud, forgery and notary fraud.” This language is analogous to the general description used in the Polakoff warrant, which impermissibly authorized the seizure of “documents recording the extension of credit to Haya Bigloo.” Similarly, the language in paragraph A imper-missibly left to the discretion of the investigating officers to determine which documents would tend to establish a crime. Accordingly, paragraph A was overbroad and the items seized thereunder were properly suppressed. However, the invalidation of a portion of a warrant does not invalidate the entire warrant. United States v. Gomez-Soto, 723 F.2d 649, 654 (9th Cir.), cert. denied, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984). Accordingly, the items seized under paragraphs B through F are admissible as evidence in the case against the appellees.
REVERSED and REMANDED.
W. SHARP, J. and COWART, J.A., Senior Judge, concur.

. See also United States v. American Investors of Pittsburgh, Inc., 879 F.2d 1087 (3d Cir.), cert. denied, 493 U.S. 955, 110 S.Ct. 368, 107 L.Ed.2d 354 (1989) (holding that the warrant which described categories of corporate records which were believed to evidence failure to file currency transaction reports was not overbroad given the complex nature of the money laundering enterprise); United States v. Henson, 848 F.2d 1374 (6th Cir.1988), cert. denied, 488 U.S. 1005, 109 S.Ct. 784, 102 L.Ed.2d 776 (1989) (holding that the warrant which authorized a search for "any and all records ... and automobile auction company records” was not overbroad even though it used generic terms because the inspector could not have known at the time he applied for the warrant which precise records and files would contain information concerning the *727 odometer tampering scheme); United States v. Shilling, 826 F.2d 1365 (4th Cir.1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 777, 98 L.Ed.2d 863 (1988) (holding that the use of the generic terms "books," "records," and “bank statements” in the warrant sufficiently described the items to be seized because the government could not have known in detail prior to the search the precise business records maintained by the defendant); United States v. Shoffner, 826 F.2d 619 (7th Cir.), cert. denied sub nom. Stange v. United States, 484 U.S. 958, 108 S.Ct. 356, 98 L.Ed.2d 381 (1987) (holding that the warrant authorizing the seizure of “documentation concerning the purchase, sale, ownership, titling and licensing of stolen motor vehicles” was not overbroad in light of the massive nature of the conspiracy case involved); United States v. Sawyer, 799 F.2d 1494 (11th Cir.1986), cert. denied sub nom. Leavitt v. United States, 479 U.S. 1069, 107 S.Ct. 961, 93 L.Ed.2d 1009 (1987) (holding that the warrant authorizing the seizure of inter alia, banking records, customer files, correspondence relating to business, mail, and wire transfer records was not overbroad in light of the nature of the items to be seized and the complexity of the case under investigation). But see United States v. Gomez-Soto, 723 F.2d 649 (9th Cir.), cert. denied, 466 U.S. 977, 104 S.Ct. 2360, 80 L.Ed.2d 831 (1984) (holding that the warrant allowing the seizure of papers, including currency, evidencing failure to file currency transaction reports as required by law was unconstitutionally vague because it lacked objective guidelines to aid determination of what may be seized. The court stated that limiting the search to only records that are evidence of a violation of a statute is generally not enough. The warrant could have been more particular because the agency knew what articles are typically found in possession of drug traffickers and could have listed those articles.).